J-S41043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JHOLY IDY, | |
| Appellant | No. 2689 EDA 2015 |

Appeal from the PCRA Order August 18, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006367-2007

BEFORE:  BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MAY 24, 2016**

Appellant Jholy Idy appeals the order entered in the Court of Common Pleas of Philadelphia County on August 18, 2015, dismissing without a hearing his first counseled petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Following a review of the record, we affirm.

In our disposition of Appellant's direct appeal, we related the following factual and procedural history of Appellant's case:

> The victims J.W. (born in 1986) and M.W. (born in 1988) and their siblings resided in multiple locations in Philadelphia, Upper Darby, and Canada during the period between 1994 and 2003.[1] The victims' parents were from the Congo, and their mother made frequent extended trips home, eventually returning there permanently in 1994 or 1995. The victims' father worked long hours and was often away for extended periods of time. While the children lived by themselves, Appellant, a close

---

[1] 42 Pa.C.S.A. §§ 9541-46.

*Former Justice specially assigned to the Superior Court.

family friend, would bring over food and care for the children after school; this care included disciplining the children by beating them with a stick that had metal wires attached to it.

In 1994, the family was living in a home [ ] on Juniata Street in Philadelphia[.] J.W. was eight years old. On one occasion, the parents asked Appellant to carry eight-year-old J.W. upstairs. Appellant placed her on her bed next to her sister, pulled down her pants, and licked her vagina. On another occasion, while she was sitting in the living room, Appellant put his hands down J.W.['s] pants and began to masturbate her. J.W.'s mother entered the room as Appellant was pulling his hands out of J.W.'s pants. When her mother asked her about the incident, J.W. denied the abuse because she was afraid her mother would be angry.

When J.W. was in third grade, the family moved to Woodhaven Road in Philadelphia. One day, while she was alone in the house with Appellant, Appellant lifted her onto the kitchen counter, touched her breasts, removed her underwear, and rubbed his penis between her vaginal lips. Appellant repeated this conduct on other occasions in the bedroom and living room. He also digitally penetrated her vagina multiple times, while the family was living on Woodhaven Road.

M.W. was approximately eight years old when the family lived on Woodhaven Road. One night, while she and the other children were watching television, Appellant got behind M.W. as she was lying on her side on the sofa, placed a blanket over the two of them, and told her to pull her pants down. When M.W. complied, Appellant put his penis in her vagina. This was not the first time this had happened. Another night, M.W. awoke to find Appellant performing oral sex on her. On another day, M.W. was alone with Appellant, who forcibly anally raped her.

Following the mother's departure for Africa, the family moved to Upper Darby, Pennsylvania. As the father was often away, Appellant visited the children daily to bring food. J.W. recalled that one day, when she got out of school early, Appellant touched her breasts, put his hand down her pants, and anally raped her. J.W. tried to call the police, but Appellant, a trained boxer, restrained her. J.W. submitted to the on-going abuse because she was afraid Appellant would beat her. J.W. stated that, while residing in Upper Darby, Appellant anally raped her in the bedroom, the bathroom, and the garage, and would force her to perform oral sex on him. M.W. stated that, while residing in Upper Darby, Appellant would force her to

perform oral sex on him on almost a daily basis. Appellant would also force her to engage in anal sex.

In 2000, the children moved to Canada to reside with relatives. During the two years they resided in Canada, they had only telephone contact with Appellant.

When the children returned to the United States, they first resided at 60th and Edgewood Streets in Philadelphia, then in an abandoned house on Tioga Street that had no electricity, and then returned to 60th and Edgewood Streets. While residing on Tioga Street, J.W., who was seventeen years old, stated that Appellant grabbed her, put his hands down her shirt, and tried to put his hand down her pants. On that occasion, and on later occasions, J.W. was able to push Appellant away. M.W. stated that, while on Tioga Street, Appellant touched her breasts and vagina and forced her to submit to oral sex. On one occasion, she was getting out of the shower when Appellant pulled the towel off her and said, "Let me eat your coochie." Appellant's wife, Carol, became suspicious of Appellant and questioned both girls. J.W. told her that Appellant had anally raped both of them. Carol confronted Appellant, who persuaded her not to tell the victims' father about the abuse. The abuse then ceased.[2] Carol told the victims not to tell anyone about the abuse because if they did, the Department of Human Services would take them away. In 2007, the children's older half-sister came to visit and the girls disclosed the abuse to her. She encouraged the girls to report the abuse to their father and the police. Appellant was arrested on April 24, 2007.

A jury trial took place beginning on August 25, 2009, and ending on September 1, 2009. The jury convicted Appellant of aggravated indecent assault, indecent assault, endangering the welfare of a child ("EWOC") and corrupting the morals of a minor with respect to J.W., but acquitted him of rape and involuntary deviate sexual intercourse (IDSI). The jury convicted Appellant of rape, IDSI, aggravated indecent assault, indecent assault, EWOC, and corrupting the morals of a minor with respect to M.W.

On February 17, 2010, Appellant was sentenced to an aggregate term of incarceration of twenty-four (24) to sixty-two

- 3 -

and one-half (62 ½) years.[2] Appellant did not file post-sentence motions. Appellant filed the instant, timely appeal. Appellant was ordered to file a concise statement of errors complained of on appeal pursuant to Pa. R.A.P. 1925(b). Appellant filed a timely statement. Appellant requested and was granted an extension of time to file a supplemental statement. Appellant filed the supplemental statement, and asked and was granted an extension of time to file a third statement. Appellant did not file the third statement. The trial court issued an opinion.

_____

[1]The underlying facts and procedural history in this matter are taken from the notes of testimony from Appellant's August 26, 2009, through September 1, 2009[,] trial and the trial court's July 20, 2010[,] opinion.
[2] The girls continued to visit Appellant at work because he was "family" and to ask him for money to feed the family.

**Commonwealth v. Idy**, No. 737 EDA 2010, unpublished memorandum at 1-5 (Pa. Super. filed April 29, 2011).

Appellant raised eight issues on direct review, and a panel of this Court found all of them to be waived, meritless or both. Relevant to the instant matter, this Court determined Appellant had waived his challenge to the discretionary aspects of his sentence for his failure to raise it in a post-sentence motion and to include a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f) in his brief; therefore, the merits of that claim were never addressed. **Id**. at 27-28.

_____

[2] The trial court formally ruled that Appellant was not a sexually violent predator and, therefore, "[did] not have to fulfill the requirements of the law in that regard." N.T. Sentencing, 2/17/10, at 12.

On December 26, 2012, Appellant filed the instant PCRA petition, *pro se*, and appointed counsel filed an amended petition on February 24, 2015.[3] In his amended petition, Appellant asserted, *inter alia*, that his constitutional rights had been violated as a result of trial counsel's ineffectiveness for failing, without justification, to file a post-sentence motion and requested that the trial court grant him the right to file a post-sentence motion and appeal *nunc pro tunc*. **See** Amended Petition Under Post Conviction Relief Act, filed 2/24/15, at ¶¶ 13-15, 18.[4]

After providing Appellant with notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1), the PCRA court dismissed Appellant's petition without a hearing on August 18, 2015. A timely appeal followed.

_____

[3] The trial court imposed the judgment of sentence on February 17, 2010, and this Court affirmed Appellant's judgment of sentence on April 29, 2011. The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on September 28, 2011. Accordingly, Appellant's judgment of sentence became final on December 28, 2011, ninety days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal and the time for filing a petition for review with the United States Supreme Court expired. 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13. Thus, the instant PCRA petition is timely.

[4] While this Court has determined a claim challenging the discretionary aspects of a sentence is not cognizable under the PCRA, **Commonwealth v. Wrecks**, 934 A.2d 1287, 1289 (Pa.Super. 2007), we have held that a claim regarding the discretionary aspects of a sentence raised in the context of an ineffectiveness claim is cognizable under the PCRA. **Commonwealth v. Watson**, 835 A.2d 786, 801 (Pa.Super. 2003).

In his brief, Appellant raises the following issue for our review:

Whether the PCRA [c]ourt erred by denying [Appellant] grant of an appeal nunc pro tunc because trial counsel was ineffective for failing to file a motion for reconsideration of sentence that was in the aggravated guideline range and this issue was waived for appellate review.

Brief for Appellant at 3.[5]

Our standard of review following the grant or denial of post-conviction relief is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. *Commonwealth v. Morales*, 549 Pa. 400, 408, 701 A.2d 516, 520 (1997). "The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review." *Commonwealth v. Hawkins*, 586 Pa. 366, 376, 894 A.2d 716, 722 (2006); *see also Commonwealth v. Jones*, 590 Pa. 202, 243, 912 A.2d 268, 293 (2006) (findings of post-conviction court which hears evidence and passes on

_____

[5] In the Amended PCRA petition, PCRA counsel noted that Appellant had failed to include the docket number for the case involving J.W., docketed at CP-51-CR-0006366-2007, on his *pro se* PCRA petition; therefore, counsel posited a request for post-conviction relief in this matter would be untimely. *See* Amended Petition Under Post Conviction Relief Act, filed 4/24/15, at 3 n. 1 (unnumbered); Brief for Appellant at 9. As such, Appellant purports to challenge only his sentence for his crimes against M.W. However, filings pertaining to both criminal informations were filed to docket, CP-51-CR-0006367-2007, Appellant was tried before a jury for his crimes perpetrated against both girls, and he received one judgment of sentence. Appellant is entitled to one appeal from any final order of a lower court. *See* Pa.R.A.P. 341. As such, we will consider his sentence in its entirety.

credibility of witnesses should be given great deference); ***Commonwealth v. White***, 557 Pa. 408, 421, 734 A.2d 374, 381 (1999) (appellate court is bound by credibility determinations of PCRA court where its findings are supported by record).

Additionally, our standard of review for claims of ineffective assistance of counsel is well-settled. Counsel is presumed to be effective, and the burden of demonstrating ineffectiveness rests on the appellant. ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa.Super. 2010). To overcome this presumption, Appellant must establish three factors: (1) that the underlying claim has merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for counsel's errors or omissions, there is a reasonable probability that the outcome of the proceedings would have been different. The failure to prove any one of the three prongs results in the failure of the petitioner's claim. ***Id.***

On appeal, while in the "Statement of the Questions Presented" portion of his brief Appellant frames his issue in terms of trial counsel's rendering ineffective assistance by failing to **preserve** challenges to the discretionary aspects of his sentence, he essentially contends counsel rendered ineffective assistance in failing to **challenge** the discretionary aspects of his sentence. Although he acknowledges the sentence the trial court imposed was within the statutory legal limits, Appellant maintains he was prejudiced by trial counsel's failure to file a post-sentence motion for

reconsideration of that sentence because it was excessive and fell outside the aggravated range of the Sentencing Guidelines. Brief for Appellant at 11, 17-18. Appellant states that after it imposed Appellant's sentence, the sentencing court "signaled that [it] might reconsider the sentence" and cites to the following statement the court made on the record during the sentencing hearing in support of this claim:

**THE COURT**: . . . "And I can also say that my intention was to only impose guidelines sentences here, so [if] to some inadvertence on my part I have strayed in any way above the guidelines, I would welcome any kind of communication within the next 30 days, I guess, or the next 15 days.

\*\*\*

All right, because I believe there were multiple aggravating factors which amply justified my giving him the individualized sentence that he deserves, which includes several aggravating range sentences, but it was never my intention to give him an above-range sentence. So again, if there is anything in that regard, I welcome that from either counsel.

Brief for Appellant at 11, 20, (citing N.T. Sentencing, 2/17/10, at 34-35). Appellant further contends the sentencing court improperly considered the fact that he was an illegal alien as an aggravating factor in fashioning his sentence. Brief for Appellant at 19 (citing N.T. Sentencing, 2/17/10, at 24-25). In light of the foregoing, Appellant claims "[t]here was no reasonable basis for counsel's failure to object or his failure to preserve the sentencing issue for direct appeal." Brief for Appellant at 21.

To the extent Appellant alleges the sentencing court erred in running some of his sentences consecutively and that it considered improper factors

in placing his sentence in the aggravated range, he has raised a substantial question. *See Commonwealth v. Stewart*, 867 A.2d 589, 592 (Pa.Super. 2005); *Commonwealth v. Zirkle*, 107 A.3d 127, 133-34 (Pa.Super. 2014). It is noteworthy that Appellant nowhere asserts he asked trial counsel to file a post-sentence motion on his behalf, although he clearly was made aware of his right to file such motion. N.T. Sentencing, 2/17/10, at 34. Assuming, *arguendo*, Appellant did request that trial counsel file a post-sentence motion, we will deem Appellant's claim to have arguable merit. *Commonwealth v. Lawrence*, 960 A.2d 473, 478 (Pa.Super. 2008).

In *Commonwealth v. Reaves*, 592 Pa. 134, 148-50, 923 A.2d 1119, 1128-29 (2007), our Supreme Court explained that while there are some limited situations in which prejudice may be presumed by counsel's inaction, the failure to file post-sentence motions is not one of them. Notwithstanding, in reaffirming this holding in *Commonwealth v. Liston*, 602 Pa. 10, 977 A.2d 1089 (2009), our Supreme Court further provided that "[p]resumably, since post-sentence motions are optional ... rarely will counsel be deemed to have been ineffective for failing to file them except, for example, when the claim involves the discretionary aspects of sentence or a challenge to a verdict on weight of the evidence grounds, claims which must be raised in the trial court to be preserved for purposes of appellate review." *Liston*, 602 Pa. at 33 n.9, 977 A.2d at 1094 n.9 (citation omitted). "Moreover, we need not remand for hearing as appellate counsel's failure to

perfect on appeal a discretionary sentencing claim which has arguable merit is without any reasonable basis designed to effectuate his client's interest. We need only determine whether counsel's failure rises to the level of prejudice to afford him relief." ***Lawrence, supra,*** at 478*. (*citation omitted*).* Herein, we find Appellant has not demonstrated that the sentencing court abused its discretion in imposing his sentence. It follows that Appellant cannot establish he was prejudiced by trial counsel's failure to file a post-sentence motion.

It is axiomatic that sentencing is a matter vested in the sound discretion of the sentencing court, and this Court will not disturb a sentence on appeal absent a manifest abuse of discretion. ***Commonwealth v. Clarke****,* 70 A.3d 1281, 1287 (Pa.Super. 2013). In the matter *sub judice*, the sentencing court clarified at the sentencing hearing that it would not apply the 2005 Sentencing Guidelines when fashioning Appellant's sentence as his crimes had ceased by that time. Instead, it applied the 1994 and 1997 Sentencing Guidelines when handing down Appellant's aggregate sentence. N.T. Sentencing, 2/17/10, at 35-36.[6] In doing so, it imposed sentences within the aggravated range of the 1997 Sentencing Guidelines for the rape, IDSI, aggravated indecent assault and indecent assault

---

[6] Counsel and the trial court essentially agreed as to the applicable Sentencing Guidelines, and Appellant did not object to the sentencing court's application of them at the sentencing hearing, nor does Appellant challenge the court's application of the 1994 and 1997 Sentencing Guidelines herein.

convictions. As the trial court noted in its Opinion filed pursuant to Pa.R.A.P. 1925(a), only the corruption of minors sentence was outside the Sentencing Guidelines. Trial Court Opinion, filed 7/20/10 at 21. Specifically, that sentence exceeded the 1994 guidelines by three months, but it ran concurrently to the standard range sentence imposed under both the 1994 and 1997 Sentencing Guidelines on the endangering the welfare of a child conviction. N.T. Sentencing, 2/17/10, at 8-9, 28.

Our review of the aggregate sentence in this case reveals that the sentencing court properly considered, both explicitly and implicitly, the need to protect society, the impact on the victims, their family and society, the nature and circumstances of Appellant's offenses, and his criminal history and characteristics. Importantly, the sentencing court indicated on the record it had reviewed the presentence investigation report. N.T. Sentencing, 2/17/10, at 23; *see also **Commonwealth v. Griffin***, 65 A.3d 932, 937 (Pa.Super. 2013) (internal quotation marks and citation omitted) (stating that "[w]here the sentencing court had the benefit of a presentence investigation report ..., we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."). Also, Appellant especially benefitted from the sentencing court's determination he was not a sexually violent predator. In doing so, the sentencing court explained that its two goals were the protection of society, which it deemed to be

paramount, and a determination of what would be "good" for Appellant. It further indicated that "based on all the circumstances here, it would not be necessary for [Appellant] to be found to be a sexually violent predator. That part of the law is purely to protect society and I believe it may not be necessary here." N.T. Sentencing, 2/17/10, at 12.

While the sentencing court did indicate that it regarded someone who was in the United States illegally to be an "aggravating factor" and that it found no mitigating factors, the sentencing court further explained that pursuant to this Court's precedent, it would find no aggravating circumstances in the crimes Appellant committed other than "the usual horrible repulsive nature of those crimes when an adult takes advantage of young children." *Id*. at 24-25. The sentencing court obviously was deeply troubled that Appellant, a trusted family friend and caretaker for two young girls, systematically and repeatedly sexually and physically abused them. The court indicated it was particularly disturbed by Appellant's lack of remorse and refusal to accept responsibility for his actions and found this attitude to be an aggravating factor. *Id*. at 25-26. It further considered the multiple occasions on which Appellant victimized J.W. and M.W. to be an aggravating factor. *Id*. at 26.

Appellant utterly has failed to explain how any argument pertaining to the discretionary aspects of his sentence set forth in a post-sentence motion would have formed the basis for a successful challenge to his sentence.

Other than iterating general allegations in this regard, Appellant has not demonstrated any prejudice based upon counsel's failure to timely file a post-sentence motion challenging the discretionary aspects of his sentence, *i.e.*, that if counsel had raised the issue there would be a reasonable probability that he would have received a lesser sentence. In its Rule 1925(a) Opinion, the sentencing court acknowledged it indicated Appellant may file a post-sentence motion, but it further explained that its intention was only to "invite[] counsel to bring any guideline errors to my attention during the hearing. Since there were no such errors, no motion could have been successful if filed." Trial Court Opinion, filed 9/21/15, at 5. Moreover, the trial court suggested that had Appellant done so, it may have been inclined to impose a harsher sentence:

> [C]ounsel had a very reasonable basis for not asking this court to reconsider [Appellant's] sentence because all the sentences were within the guidelines. The illegal immigrant [Appellant] repeatedly raped and sexually assaulted two sisters for years and was given an extremely lenient sentence for his crimes by this court on only six counts of sexual assault crimes. It was reasonable that [Appellant] and counsel were satisfied with the sentence within the 10 days to file the motion. If asked to review [Appellant's] sentence, this court could have potentially reconsidered that the sentence was too lenient and re-imposed a more proportional sentence to petitioner's horrific abuse of these victims. Instead[] of taking this chance, it would be reasonable for [Appellant] and his attorney to choose to keep his generous sentence intact, and decide instead to appeal, which they did, on the specific claim that "[t]he sentencing court gave the appellant a sentence that was illegal, well beyond the applicable guidelines and was tantamount to cruel and unusual punishment." See Trial Court Opinion, July 20, 2010, p. 20. An illegal sentencing claim with constitutional error would not require a post-sentence motion to be filed. . . . Filing a direct appeal on the constitutional

- 13 -

claim was a rational, strategic decision by counsel to keep the lenient sentence imposed by this court, and instead, attempt to have the sentence reviewed and overturned as illegal on constitutional grounds.

Trial Court Opinion, filed 9/21/15, at 8 (footnotes omitted).

This Court agrees with the PCRA court's assessment that the sentence was not manifestly excessive under the circumstances of this case and no abuse of discretion attended its imposition. Thus, Appellant suffered no prejudice and counsel was not ineffective for failing to file a post-sentence motion. *See **Commonwealth v. Watson***, 835 A.2d 786, 799 (Pa.Super. 2003) (concluding an appellant's ineffectiveness claim failed where the underlying discretionary aspects of sentencing claim lacked merit). Accordingly, the PCRA court properly dismissed Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2016