COMMONWEALTH of Pennsylvania,
Appellee

v.

James Isin LAWRENCE, Appellant.

Superior Court of Pennsylvania.

Submitted May 27, 2008.

Filed Oct. 31, 2008.

Kenneth A. Snarey, Pittsburgh, for appellant.

Michael W. Streily, Deputy Dist. Atty., Rebecca Good McBride, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

BEFORE: PANELLA, KELLY and COLVILLE *, JJ.

OPINION BY PANELLA, J.:

¶ 1 Appellant, James Lawrence, appeals from the order entered on July 2, 2007, by the Honorable David R. Cashman, Court of Common Pleas of Allegheny County, which dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] After careful review, we affirm.

¶ 2 A panel of this Court summarized the disturbing facts of this case on direct appeal as follows:

On July 2, 1999, at approximately 5:00 p.m., the victim, Beverly Spencer, was approached by [Lawrence] in a bar in Braddock, Pennsylvania. After she left the bar, [Lawrence] grabbed her and forced her to return to his apartment. For the following seven hours the victim was physically assaulted and brutalized by [Lawrence], who used his fists, a brick, a wine bottle, and his steel-toed boots to savagely attack her.

One of [Lawrence's] neighbors, who heard the violence, called 911. At approximately 12:10 a.m. on July 3, 1999, the responding police officers arrived at [Lawrence's] apartment building and noticed fresh blood in the hallway and on the door of [Lawrence's] apartment. The police entered [Lawrence's] apartment and saw [Lawrence] sitting on his bed in his underwear, covered in blood from head to toe. The police then observed the victim, who they thought was dead, lying face down in a large pool of blood. When the police heard her gur-

---

* Retired Senior Judge assigned to the Superior Court.

1. 42 PA. CONS.STAT. ANN. §§ 9541–9546.

gle, they called for paramedics, who had to cut the victim's clothing from her body (including her bra, which was being used to secure her arms behind her neck).

The victim was comatose for two months following these attacks; when she emerged from her coma, she was unable to talk coherently, see, or walk. After over six months in the hospital and following extensive rehabilitation, which is still required, the victim regained some of her ability to see, walk, and talk, though her sight has been diminished. The victim also currently suffers from post-traumatic stress disorder and significant memory deficit, among other lasting effects.

*Commonwealth v. Lawrence*, No. 1069 WDA 2004, 1–2, 880 A.2d 9 (Pa.Super., filed May 13, 2005) (unpublished memorandum) (citations omitted).

¶ 3 Following a jury trial, Lawrence was convicted of attempted homicide, aggravated assault, and reckless endangerment of another person. Lawrence was sentenced on the convictions and then he appealed.[2]

¶ 4 A panel of this Court vacated Lawrence's judgment of sentence as it found that the trial court erred in finding Lawrence guilty of attempted third-degree murder as there is no such crime. The panel remanded for re-sentencing, finding that the vacation of the attempted homicide conviction disrupted the overall sentencing scheme. *See Commonwealth v. Lawrence*, 821 A.2d 134 (Pa.Super.2003) (table). On May 19, 2004, the trial court re-sentenced Lawrence to a period of imprisonment of ten to twenty years on the aggravated assault conviction and one to two years for recklessly endangering an-

other person. Lawrence then appealed the judgment of sentence.

¶ 5 This Court affirmed Lawrence's judgment of sentence on May 13, 2005. *See Commonwealth v. Lawrence*, 880 A.2d 9 (Pa.Super.2005) (table). The Pennsylvania Supreme Court denied Lawrence's petition for allowance of appeal on December 28, 2005. *See Commonwealth v. Lawrence*, 586 Pa. 736, 891 A.2d 730 (2005) (table). The United States Supreme Court denied Lawrence's petition for a writ of certiorari on June 5, 2006. *See Lawrence v. Pennsylvania*, 547 U.S. 1180, 126 S.Ct. 2373, 165 L.Ed.2d 282 (2006).

¶ 6 On June 13, 2006, Lawrence, through Attorney Pass, filed a PCRA petition, and in the petition Lawrence raised claims that his direct appeal counsel, Attorney Pass, had been ineffective. *See* PCRA Petition, 6/13/06, at ¶ 53(1)-(5). Thereafter, the Commonwealth filed a motion for appointment of new counsel in which it maintained that it was inappropriate for Attorney Pass to represent Lawrence as he was raising claims of his own ineffectiveness and asked that new counsel be appointed. Attorney Pass then moved to withdraw as counsel and the PCRA court subsequently appointed new counsel, Kenneth Snarey, Esq. Lawrence, again through counsel, filed an amended PCRA petition on November 1, 2006. The amended petition alleged the same allegations of ineffective assistance of counsel raised in the initial petition. *See* Amended PCRA Petition, 11/1/06, at ¶ 24(1)-(5).

¶ 7 The PCRA court held a hearing on the PCRA petition on March 29, 2007. The PCRA court then entered an order denying the petition on July 2, 2007. Lawrence filed a timely notice of appeal and,

---

2. At trial, Lawrence was represented by Kevin Clancy, Esq. Attorney Clancy withdrew as counsel and on November 8, 2000, Charles R. Pass, III, Esq., was appointed as his replacement.

that same day, also filed a statement pursuant to Pa.R.A.P.1925(b).

¶ 8 On appeal, Lawrence raises the following issues for our review:

1. Whether Attorney Pass was ineffective for failing to preserve the claim that Defendant's conviction for aggravated assault was not supported by sufficient evidence?

. . .

2. Whether Attorney Pass was ineffective in failing to preserve the claim that the sentence imposed, which was equal to the statutory maximum and exceeded the aggravated range of the sentencing guidelines, was excessive insofar as the sentencing court focused solely on the serious nature of the crime?

. . .

3. Whether Attorney Pass was ineffective in failing to preserve the claim that the Court of Common Pleas in imposing the sentence, relied upon factors already taken into account in determining Defendant's prior record score and offense gravity score?

. . .

4. Whether Attorney Pass was ineffective in failing to preserve the claim that Defendant's sentence, which exceeded the aggravated range of the sentencing guidelines, was unreasonable?

. . .

Appellant's Brief, at 2.

¶ 9 Our standard of review of a PCRA court's denial of a petition for post-conviction relief is well-settled: We must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. *See Commonwealth v. Hall*, 867 A.2d 619, 628 (Pa.Super.2005), *appeal denied*, 586 Pa. 756, 895 A.2d 549 (2006). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *See Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa.Super.2001). Our scope of review is limited by the parameters of the PCRA. *See Commonwealth v. Heilman*, 867 A.2d 542, 544 (Pa.Super.2005), *appeal denied*, 583 Pa. 669, 876 A.2d 393 (2005).

¶ 10 Each of Lawrence's four issues presented on appeal alleges ineffective assistance of counsel. Counsel is presumed effective, and to overcome this presumption Lawrence must establish three factors.

¶ 11 First, that the underlying claim has arguable merit.

Second, that counsel had no reasonable basis for his action or inaction. In determining whether counsel's action was reasonable, we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis. Finally, Appellant must establish that he has been prejudiced by counsel's ineffectiveness; in order to meet this burden, he must show that but for the act or omission in question, the outcome of the proceedings would have been different. A claim of ineffectiveness may be denied by a showing that the petitioner's evidence fails to meet any of these prongs.

*Commonwealth v. Washington*, 592 Pa. 698, 712, 927 A.2d 586, 594 (2007) (internal citations and quotation marks omitted).

■ ¶ 12 In his first issue presented on appeal, Lawrence argues that Attorney Pass was ineffective in failing to raise the claim that the Commonwealth presented

insufficient evidence to sustain his conviction for aggravated assault. Lawrence's specific argument is that the evidence was insufficient because while "his body was covered quite extensively with the victim's blood" there was no blood on the "proffered instrumentalities" used in the assault, *i.e.*, the brick, wine bottle, and a boot. Appellant's Brief, at 19, 26.

¶ 13 Lawrence was convicted of aggravated assault under Section 2702 of the Pennsylvania Crimes Code:

**(a) Offense defined.**—A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life. . . .

18 Pa. Cons.Stat. Ann. § 2702(a)(1). Pennsylvania has defined "serious bodily injury" as "[b]odily injury which creates a substantial risk of death or which causes serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa. Cons.Stat. Ann. § 2301.

¶ 14 At trial, the Commonwealth presented overwhelming evidence that Lawrence was guilty of aggravated assault. The victim testified that she remembered some details of the horrific assault before she passed out—she recalled being hit with a brick and a bottle, and being kicked. *See N.T.*, Trial, at 113. Lawrence began beating the victim sometime in the early evening, around 5 or 7 PM. *See id.*, at 42–43. After Lawrence finished brutalizing the victim, he left her lying at his feet with her face submerged in a pool of blood. *See id.*, at 42–43, 166. By the time the police arrived, which was at around midnight, the victim had lost so much blood that multiple transfusions were necessary. *See id.*

¶ 15 The victim's injures were so profound that they startled even the hospital personnel. Her injuries were the worst that the paramedic had ever seen. *See id.*, at 97. When the paramedics turned the victim over, they heard "cracking," which they assumed to be bones breaking. *Id.*, at 95–96. The emergency room doctor testified, "I can tell you that I have not seen this degree of trauma very often in patients who are involved in high speed motor vehicle accidents and hit up against the windshield or hit head-on by another car. So the amount of force was substantial." *Id.*, at 167. Expert testimony at trial addressed the devastating injuries sustained by the victim, which we find unnecessary to further detail here. *See id.*, at 165–169, 171–172, 178.

¶ 16 With this evidence in mind, we must now consider whether direct appeal counsel was ineffective for failing to raise a sufficiency claim. The standard for reviewing the sufficiency of evidence on appeal is well-settled:

When reviewing a sufficiency of the evidence claim, an appellate court must view all the evidence and reasonable inferences therefrom in a light most favorable to the Commonwealth as verdict winner and must determine whether the evidence was such as to enable a fact finder to find that all of the elements of the offense[ ] were established beyond a reasonable doubt.

*Commonwealth v. Holley*, 945 A.2d 241, 246–247 (Pa.Super.2008). The Commonwealth's burden may be sustained by means of wholly circumstantial evidence. *See Commonwealth v. Cunningham*, 805 A.2d 566, 571 (Pa.Super.2002), *appeal denied*, 573 Pa. 663, 820 A.2d 703 (2003).

¶ 17 Attorney Pass testified at the PCRA hearing that he did not raise a sufficiency claim because, in his opinion, it

had no merit. *See N.T.*, PCRA Hearing, at 11–13. Counsel pointed out that the uncontradicted evidence at trial conclusively proved that the victim's injuries could not have occurred as a result of an accidental fall, which was Lawrence's contention at trial. Counsel also correctly opined that the statute does not require the Commonwealth to prove that a weapon was used in the attack. *See id.*

■ ¶ 18 We find no error in the trial court's conclusion that Lawrence did not show that the underlying claim had any merit, let alone arguable merit. It is well established that appellate counsel can not be deemed ineffective for failing to raise a meritless claim. *See Commonwealth v. Daniels*, 947 A.2d 795, 798 (Pa.Super.2008). Here, the evidence presented at trial easily satisfied the elements of Section 2702(a)(1). Although counsel's explanation of his decision to forego this issue was reasonable under the circumstances, we do not reach that factor in light of our agreement with the PCRA court that the record in this case did not warrant a sufficiency claim.

■ ¶ 19 In his second, third, and fourth issues on appeal, Lawrence maintains that Attorney Pass was ineffective for failing to preserve challenges to the discretionary aspects of his sentence and failing to present them on direct appeal.[3] Lawrence contends in his statement of the questions presented that Attorney Pass should have preserved[4] the following three claims: (1) that the sentencing court focused solely on the serious nature of the crime; (2) that the sentencing court relied upon factors already taken into consideration in the prior record score and offense gravity score; and (3) that the sentence was unreasonable as it was outside the guidelines.

¶ 20 Lawrence's claims raise substantial questions that fall within the scope of appellate review. *See Commonwealth v. Boyer*, 856 A.2d 149, 152 (Pa.Super.2004), *aff'd*, 586 Pa. 142, 891 A.2d 1265 (2006) (substantial claim raised where "the trial court imposed a manifestly excessive sentence and focused solely on the serious nature of the crimes he committed"); *Commonwealth v. Goggins*, 748 A.2d 721, 732 (Pa.Super.2000) (*en banc*), *appeal denied* 563 Pa. 672, 759 A.2d 920 (2000) (substantial question raised by claim that prior record was double-factored); and *Commonwealth v. Hanson*, 856 A.2d 1254, 1257 (Pa.Super.2004) (noting that a claim that the sentencing court imposed an unreasonable sentence by sentencing outside the guidelines presents a substantial question). Accordingly, Lawrence's claims have arguable merit. *See Commonwealth v. Whitmore*, 860 A.2d 1032, 1036 (Pa.Super.2004), *rev'd on other grounds*, 590 Pa. 376, 912 A.2d 827 (2006). "Moreover, we need not remand for hearing as appellate counsel's failure to perfect on appeal a discretionary sentencing claim which has arguable merit is without any reasonable basis designed to effectuate his client's interest." *Id.* We need only determine whether counsel's failure rises to the level of prejudice to afford him relief. *See id.*

---

**3.** This is a cognizable PCRA claim. *See Commonwealth v. Hernandez*, 755 A.2d 1 (Pa.Super.2000), *aff'd*, 572 Pa. 477, 817 A.2d 479 (2003).

**4.** "Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa.Super.2005). Attorney Pass filed a post-sentence motion, but did not raise the three claims and he did not present any of these arguments at sentencing.

¶ 21 As Lawrence notes, he was sentenced above the guidelines on his convictions. A sentencing court is permitted to impose a sentence outside the guidelines, but "must provide a written statement setting forth the reasons for the deviation...." *Commonwealth v. Walls,* 592 Pa. 557, 567, 926 A.2d 957, 963 (2007). In *Walls,* the Court "granted allocatur to clarify the proper standard of review an appellate court should employ when considering a challenge to a sentence that falls outside of the sentencing guidelines...." *Id.,* 592 Pa. at 564, 926 A.2d at 961. "[U]nder the Sentencing Code an appellate court is to exercise its judgment in reviewing a sentence outside the sentencing guidelines to assess whether the sentencing court imposed a sentence that is 'unreasonable.'" *Id.,* 592 Pa. at 568, 926 A.2d at 963 (citation omitted). The Court "decline[d] to fashion any concrete rules as to the unreasonableness inquiry for a sentence that falls outside of applicable guidelines...." *Id.,* 592 Pa. at 568, 926 A.2d at

964. The Court, however, noted that "the Legislature intended that considerations found in Section 9721 inform appellate review for unreasonableness."[5] *Id.* An inquiry into the reasonableness of a sentence also includes a review of the factors set forth in § 9781(d) of the Sentencing Code.[6] *See id.*

¶ 22 A review of the sentence in this case reveals that the sentencing court properly considered, both explicitly and implicitly, the need to protect society, the impact on the victim's family and society, the nature and circumstances of the offense, as well as Lawrence's criminal history and characteristics. *See N.T.,* Sentencing, 6/19/04, at 9–11. We note that the sentencing court had the benefit of a presentence investigation report and, as such, it is presumed that the sentencing court "was aware of the relevant information regarding defendant's character and weighed those considerations along with

5. Section 9721 of the Sentencing Code provides, in pertinent part, the following:

> **(b) General standards.**—In selecting from the alternatives set forth in subsection (a) *the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.* The court shall also consider any guidelines for sentencing adopted by the Pennsylvania Commission on Sentencing and taking effect pursuant to section 2155 (relating to publication of guidelines for sentencing). In every case in which the court imposes a sentence for a felony or misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. In every case where the court imposes a sentence outside the sentencing guidelines adopted by the Pennsylvania Commission on Sentencing pursuant to section 2154 (relating

to adoption of guidelines for sentencing) and made effective pursuant to section 2155, the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. Failure to comply shall be grounds for vacating the sentence and resentencing the defendant.

42 Pa. Cons.Stat. Ann. § 9721(b) (emphasis added).

6. Section 9781(d) states the following:

> **(d) Review of record.**—In reviewing the record the appellate court shall have regard for:
> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
> (3) The findings upon which the sentence was based.
> (4) The guidelines promulgated by the commission.

42 Pa. Cons.Stat. Ann. § 9781(d).

mitigating statutory factors." *Boyer*, 856 A.2d at 154.

¶ 23 The sentencing court was obviously deeply troubled that Lawrence brutally beat the victim, and it was this finding over any other that led the sentencing court to depart from the guidelines.

¶ 24 Our review of the sentence demonstrates that the sentencing court carefully considered the general standards articulated in Section 9721(b) of the Sentencing Code, and our examination of the sentence pursuant to Section 9781(d) of the Sentencing Code leads us to conclude that the sentencing court imposed an eminently reasonable sentence.

¶ 25 Lawrence viciously beat the victim; as a direct result of the beating the victim sustained horrifying injuries. Given the foregoing, we cannot say that the sentencing court imposed an unreasonable sentence. As appropriately stated by the trial court:

> This case was not a typical aggravated assault and as noted at the time of Lawrence's original sentencing, this Court reviewed [the victim's] medical records and thought that it was going to be a homicide trial rather than an aggravated assault. [The victim] was in a coma for months, lost her vision and her ability to talk, and had to be retrained as to how to walk and how to talk. Even five years after the incident, she still suffered from cognitive deficits that made it difficult for her to remember things and articulate them. This was balanced against Lawrence's total lack of remorse as witnessed by his ludicrous and perjured testimony that [the victim] injured herself by falling out of bed and in the hallway when, in letters sent to her form the jail prior to his trial, Lawrence ac-

knowledged that he was responsible for her catastrophic injures because he had snapped. These letters were a mere ploy in the hopes of having [the victim] come to his aid following his conviction. This Court reviewed all of those factors and made a determination that Lawrence's aggressive and assaultive behavior, his use and abuse of alcohol and cocaine, his lack of remorse and his prior criminal history, mandated a sentence of total confinement and one that required the imposition of statutory maximum sentences.

Opinion, 3/7/08, at 12. We can find no error in the justification for this sentence. Therefore, Lawrence was not prejudiced by Attorney Pass's decision in this regard.

¶ 26 Order affirmed. Jurisdiction relinquished.

¶ 27 Judge COLVILLE files a concurring opinion.

## CONCURRING OPINION BY COLVILLE, J.:

¶ 1 I too would affirm the PCRA court's order. I write separately because I disagree with the manner in which the Majority disposes of Appellant's last three issues.

¶ 2 In the "statement of questions involved" portion of his brief, Appellant frames his last three issues in terms of Attorney Pass rendering ineffective assistance by failing to **preserve** challenges to the discretionary aspects of Appellant's sentence. However, in my view, under these issues, Appellant ultimately contends that Attorney Pass rendered ineffective assistance by failing to **challenge** discretionary aspects of Appellant's sentence.[7]

---

7. *See, e.g.,* Appellant's Brief at 31–32 ("Accordingly, [Appellant] presents an arguably meritorious claim (and substantial question regarding the propriety of sentence) that his sentence must be vacated and he must be resentenced. Attorney Pass had no reasonable

More specifically, Appellant argues Attorney Pass should have presented claims that: the trial court rendered its sentence merely by focusing on the serious nature of the crimes Appellant committed; the trial court rendered its sentence based upon the extent of the victim's injuries, which is a factor already accounted for in the sentencing guidelines; and the trial court failed to consider Appellant's rehabilitative needs in fashioning his sentence. The PCRA court adequately rejected these claims in its opinion. PCRA Court Opinion, 3/7/08, at 7–13. For the reasons stated by the PCRA court, I conclude Appellant's underlying claims have no merit. Consequently, Appellant's claims that Attorney Pass rendered ineffective assistance by failing to challenge the discretionary aspects of Appellant's sentence fail for lack of arguable merit.

basis for failing to raise such a claim. It is reasonably probable that [Appellant's] sentence would have been vacated (and, to the extent further prejudice is required, a minimum and/or maximum of reduced length imposed).").