J-S66010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| TYRELL DAVIS BOYER | |
| Appellant | No. 478 MDA 2016 |

Appeal from the Judgment of Sentence February 4, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001729-2015

BEFORE:  BOWES, PANELLA AND JENKINS, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 13, 2016**

Tyrell Davis Boyer appeals from the judgment of sentence imposed following his conviction for persons not to possess a firearm.  We affirm.

The following facts were established at Appellant's non-jury trial.  On March 22, 2015, Lancaster City Officer Ryan Burgett and his partner were directed to watch a home as part of an investigation into a shooting earlier that day.  *Id*. at 23.  Officer Burgett parked his car across the street, turned off his lights, and surveilled the home.  *Id*.  At approximately 2:50 a.m., a vehicle drove by the residence very slowly.  *Id*. at 26.  Officer Burgett heard several shots, and saw a man hanging outside of the vehicle's rear passenger window.  *Id*.  The man got back into the vehicle as it passed the officers' vehicle.  Officer Burgett pulled behind the vehicle and activated his

lights and sirens.  *Id.* at 28.  The two officers focused on the individual in the backseat throughout the pursuit, which lasted less than one-half of a mile.  *Id*. at 32.  Upon stopping, the vehicle's three occupants were seized.  *Id*. at 33.  Appellant was the only individual in the rear of the vehicle.  *Id*. at 49.

Once all three occupants were escorted from the scene, the vehicle was taken to the police station.  *Id*. at 38.  There, the vehicle was inventoried and a revolver was recovered from the rear passenger's seat floor.  *Id*. at 77-78.  Inside the cylinder were several fired .22 caliber rounds, each stamped on the bottom with the letter C.  *Id*. at 82.

Appellant was arrested, and, during the booking process, officers recovered a plastic Mentos mint container containing nineteen .22 caliber rounds stamped with the letter C on the bottom of each casing.  *Id*. at 58-59.

On March 22, 2015, Appellant was charged at criminal action number 1729 of 2015, with one count each of persons not to possess firearms, carrying a firearm without a license, recklessly endangering another person, and criminal mischief.  On December 16, 2015, Appellant proceeded to a bench trial on the persons not to possess a firearm offense, at the conclusion

of which he was found guilty.[1]  A pre-sentence report was prepared and, on February 4, 2016, the parties appeared for sentencing.

Appellant made minor corrections to the presentence report.  N.T. Sentencing, 2/4/16, at 4.  He represented that he had emotional problems from a very young age, a learning disability, and clinical depression.  *Id*. at 7-8.  The court noted that it had considered all information in the presentence report and summarized its contents.  *Id*. at 13-20.  Appellant was thereafter sentenced to the statutory maximum of ten years imprisonment, which was within the standard range under the sentencing guidelines due to Appellant's prior record score.  The court expressed its belief that

> [Y]ou are not amenable to treatment or rehabilitation.  You are in need of correctional treatment that can be provided most effectively by your commitment to an institution.  You are a danger to society, and society needs to be protected.  And incarceration is warranted, because a lesser sentence would depreciate the seriousness of this offense.

*Id*. at 21.  On February 12, 2016, Appellant filed a post-sentence motion seeking modification of his sentence, which was denied on February 16, 2016.

---

[1]  The remaining counts were severed for a separate trial on January 25, 2016.  The certified record does not indicate the result of that proceeding.

Appellant and the trial court compiled with Pa.R.A.P. 1925 and the matter is ready for our review. The sole issue on appeal challenges the discretionary aspects of the sentence.

> Was the trial court's sentence of [five] to [ten] years of incarceration so manifestly excessive as to constitute an abuse of the court's discretion and clearly unreasonable under the circumstances of this case which did not consider [Appellant]'s circumstances?

Appellant's brief at 6. As required by Pa.R.A.P. 2119(f), Appellant's brief includes a separate statement of reasons in support of reviewing the discretionary aspects of the sentence. Such a statement is necessary because "there is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa.Super. 2008). An appellant must first satisfy a four-part test to invoke this Court's jurisdiction. We examine

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa.Super. 2013) (citation omitted). The first three requirements have been met.

We now address whether Appellant has presented a substantial question. The presence of a substantial question is determined on a case-by-case basis and exists only when

the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists.

*Commonwealth v. Diehl*, 140 A.3d 34, 44–45 (Pa.Super. 2016) (internal citations and quotation marks omitted).

Herein, Appellant alleges that the sentence satisfies our substantial question requirement because he received the statutory maximum sentence of ten years imprisonment, which, Appellant avers, is manifestly excessive. Additionally, Appellant contends that the sentencing court focused solely on the gravity of the offense and failed to consider all relevant factors. Appellant's brief at 11. We find that Appellant has raised a substantial question. "[A]n averment that the court sentenced based solely on the seriousness of the offense and failed to consider all relevant factors raises a substantial question." *Commonwealth v. Macias*, 968 A.2d 773, 776 (Pa.Super. 2009) (citing *Commonwealth v. Lawrence*, 960 A.2d 473 (Pa.Super. 2008)). Hence, we will consider the merits of his sentencing claim.

As Appellant recognizes, his sentence was within the standard range of the sentencing guidelines even though he received the statutory maximum. Our standard of review limits our ability to vacate and remand where the court sentenced within the guidelines. We may reverse only if application of

the guidelines would be clearly unreasonable under the circumstances. 42 Pa.C.S. § 9781(c)(2); *Macias*, *supra* at 777 (term unreasonable not defined in Sentencing Code but generally means a decision that is either irrational or not guided by sound judgment).

Appellant recognizes our limited ability to reverse in these circumstances, and contends, in a rather conclusory fashion, that application of the guidelines was unreasonable because "it would be 'clearly unreasonable' to impose a statutory-maximum sentence when [Appellant]'s current circumstances and history militate in favor of a lesser sentence." Appellant's brief at 15.

According to Appellant, he has endured difficult circumstances in his life, including educational deficiencies, substance abuse issues, and a dysfunctional childhood. Additionally, Appellant cited behavioral problems in his past, including the inability to control himself in a classroom setting. *See* Appellant's brief at 15-17. This argument ignores the multitude of countervailing factors considered by the court. To wit, the trial court noted Appellant was twenty-seven years old when the offense occurred, the presentence report indicated his academic and vocational motivations were minimal, and that all prior attempts at rehabilitation failed, as indicated by his probation officer's assessment in 2011 that he was not amenable to supervision. N.T. Sentencing, 2/4/16, at 16-18. All of these considerations were clearly weighed in tandem with Appellant's arguments.

The trial court did not, contrary to Appellant's assertions, reflexively impose its sentence merely on the basis of the seriousness of the offense. Rather, the trial court appropriately considered "the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). The trial court balanced the points delineated by Appellant in his brief, and concluded that the seriousness of the offense warranted the statutory maximum in spite of those mitigating circumstances. "You are a danger to society, and society needs to be protected. And incarceration is warranted, because a lesser sentence would depreciate the seriousness of this offense." N.T. Sentencing, 2/4/16, at 21.

Accordingly, Appellant's argument does not persuade us that the trial court's application was irrational. Rather, his argument is little more than an invitation to reweigh the various factors in his favor and override the trial court's sound judgment. "The sentencing court merely chose not to give the mitigating factors as much weight as [he] would have liked and decided that the facts did not warrant imposition of a sentence lower than the standard range." *Macias*, *supra* at 778.

Since the trial court complied with the directives of 9721(b), we are left with the task of assessing the reasonableness of the sentence pursuant to the elements set forth in § 9781(d). *Commonwealth v. Walls*, 926

A.2d 957, 964 (Pa. 2007). We are obligated to consider the record in light of

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d). In light of the applicable guidelines, the findings of the trial court, the court's consideration of the presentence report, and the facts and circumstances of the crime, we cannot find that the sentence is clearly unreasonable. Hence, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2016