J-S45019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SAMEEH RAWLS | |
| Appellant | No. 1539 EDA 2016 |

Appeal from the PCRA Order May 11, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010110-2007

BEFORE:  GANTMAN, P.J., PANELLA, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JULY 26, 2017**

Appellant, Sameeh Rawls, appeals from the order entered in the Philadelphia County Court of Common Pleas on May 11, 2016, denying his petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The relevant facts and procedural history of this case are as follows. After a confrontation, Appellant and his co-defendant began discharging firearms into a crowd of people. They killed one man, and two others sustained gunshot wounds. A jury convicted Appellant of first-degree murder, attempted murder, criminal conspiracy, and possession of an instrument of crime. On June 10, 2010, the court sentenced Appellant to life

_____

[*] Retired Senior Judge assigned to the Superior Court.

imprisonment without the possibility of parole. Appellant timely filed a post-sentence motion, which was denied by operation of law.

Appellant timely appealed to this Court, and challenged the sufficiency of the evidence presented by the Commonwealth. Appellant also contested a two-week recess that occurred in the middle of his trial because of a scheduling conflict known to the parties before trial. He claimed the trial court improperly denied his motion for a mistrial, which was premised on both the publication during the recess of a newspaper article critical of Philadelphia's criminal justice system, and the length of the recess. Our Court found the sufficiency issue lacked merit, and Appellant waived the mistrial argument for failure to cite to any pertinent authority. Appellant timely filed a petition for allowance of appeal to our Supreme Court, which was denied. Appellant did not seek a writ of certiorari from the United States Supreme Court. Thus, Appellant's judgment of sentence became final on June 19, 2012, upon expiration of the time to file a petition for writ of certiorari.

Appellant timely filed the instant PCRA petition. After the court appointed counsel, Appellant filed an amended petition. In it, Appellant claimed trial counsel informed him of a prior plea deal the Commonwealth offered. The alleged deal consisted of a twenty to forty-year sentence in exchange for Appellant's guilty plea to third-degree murder. Appellant asserted he told trial counsel he wished to accept the plea, and that counsel instead convinced Appellant to go to trial because he could "beat the case."

In his petition, Appellant also averred appellate counsel was ineffective for failure to properly argue the mistrial issue.

The PCRA court held an evidentiary hearing, at which time Appellant's trial counsel testified that he did not recall the Commonwealth making any plea offer in this case. *See* N.T. Hearing, 7/17/15, at 8. Trial counsel stated he reviewed his notes from the trial and had not found any notation regarding a plea offer. *See id*. Further, counsel stated that he does not give guarantees to clients, and would not have told Appellant he could "beat the case." *Id*., at 10. Appellant did not present any additional evidence or argument regarding the mid-trial recess or newspaper article during the hearing. Following the evidentiary hearing, the PCRA court denied Appellant's petition. This timely appeal is now before us.

Appellant presents the following questions for our review:

Is Appellant entitled to post-conviction relief in the form of a new trial or a remand for an evidentiary hearing since trial counsel and appellate counsel [rendered ineffective assistance] with regard to a plea offer made by the prosecutor?

Is Appellant entitled to post-conviction relief in the form of [a] new trial or a remand for an evidentiary hearing since appellate counsel was ineffective when he failed to properly argue the issue of the trial court's recess of the trial in the appellate brief?

Appellant's Brief, at 4.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v.***

- 3 -

*Edmiston*, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." *Commonwealth v. Koehler*, 36 A.3d 121, 131 (Pa. 2012) (citation omitted). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *See Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001).

"[T]his Court applies a *de novo* standard of review to the PCRA court's legal conclusions." *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011) (citation omitted). In order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2).

It is well-settled that

[t]o plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act.

*Commonwealth v. Rykard*, 55 A.3d 1177, 1189-1190 (Pa. Super. 2012) (citation omitted). "Arguable merit exists when the factual statements are accurate and could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination." *Commonwealth v. Barnett*, 121 A.3d 534, 540 (Pa. Super. 2015) (citation omitted). A failure

to satisfy any prong of the test will require rejection of the claim. ***See***

***Spotz***, 84 A.3d at 311.

Appellant first argues that trial counsel was ineffective for advising Appellant to reject the Commonwealth's alleged twenty to forty-year plea offer.[1] Notwithstanding Appellant's contention on appeal that he is entitled to an evidentiary hearing, the PCRA court did, in fact, conduct a hearing on this particular issue. At the hearing, Appellant testified that trial counsel informed him of the plea offer from the Commonwealth. Appellant stated that he told counsel he wished to accept the offer, but that counsel convinced Appellant to instead proceed to trial because he could "beat the case."

However, trial counsel also testified, and asserted that no such offer was made. Further, counsel stated he would not have advised a client to turn down a plea offer, and that counsel was not in the practice of making guarantees about cases. The PCRA court accepted trial counsel's testimony, and rejected Appellant's testimony as incredible. Moreover, the PCRA court, which also presided over Appellant's criminal trial, stated that its practice was to record plea offers made before or during jury trials in order to

---

[1] To the extent Appellant's question for our review also purports to contest appellate counsel's effectiveness with regard to the plea offer, Appellant fails to advance any argument whatsoever in this section of his brief concerning appellate counsel. Thus, this issue is waived for our review. ***See*** Pa.R.A.P. 2119.

colloquy the defendant. The court stated it had reviewed its file and found no evidence that the Commonwealth made Appellant a plea deal.

There is record support for the PCRA court's credibility determinations. Where there is such support, "we, as a reviewing court, are bound by those determinations." *Commonwealth v. Abu-Jamal*, 720 A.2d 70, (Pa. Super. 1998) (citation omitted). *See also Commonwealth v. Harmon*, 738 A.2d 1023, 1025 (Pa. Super. 1999). Appellant was unable to prove at the evidentiary hearing that the Commonwealth ever offered a plea deal; thus, his issue lacks arguable merit, and he is not entitled to relief based on ineffective assistance of counsel.

Appellant's second issue challenges appellate counsel's effectiveness. On direct appeal, appellate counsel raised the issue of whether the court erred by denying Appellant's motion for a mistrial, due to the allegedly prejudicial mid-trial recess and the newspaper article published during that period. A prior panel of our Court found that issue waived, as appellate counsel failed to cite to any authority in support of that argument. *See Commonwealth v. Rawls*, No. 2935 EDA 2010, at 9 (Pa. Super., filed September 16, 2011) (unpublished memorandum). Appellant's argument in his PCRA petition focuses on appellate counsel's failure to properly argue either of those grounds on direct appeal. To warrant relief at present, Appellant's underlying claim—that the mid-trial recess and the newspaper

article about the court system necessitated a mistrial, and Appellant would have been granted relief on appeal—must have arguable merit. It does not.

A mistrial is an extreme remedy, and within the trial court's discretion. *See Commonwealth v. Windslowe*, 158 A.3d 698, 714 (Pa. Super. 2017). "A trial court need only grant a mistrial where the alleged prejudicial event may reasonably be said to deprive the defendant of a fair and impartial trial." *Commonwealth v. King*, 959 A.2d 405, 418 (Pa. Super. 2008) (citation omitted).

Aside from some general speculation on what jurors "may" have seen, Appellant fails to even allege the prejudice that necessitated a mistrial. Appellant does not assert that the newspaper article had any bearing on his case. Instead, Appellant baldly claims, "[s]ome, if not all, of the jurors may have read the Philadelphia Inquirer four part expose without informing the trial court of their exposure." Appellant's Brief at 22. Even if we assumed some jurors saw the article, Appellant's own brief belies the notion that it affected Appellant or his defense in particular. Indeed, his brief includes a quote from trial counsel, who stated at the time that the article was "uncomplimentary to everyone, to the court, to the district attorney's office, to a lesser extent the police department, to the defense bar, to *everyone associated with anything that goes on in the criminal justice system*." N.T. Trial, 12/21/09, at 5; reproduced in Appellant's Brief, at 19-20 (emphasis added). Appellant fails to assert any specific prejudice with respect to his

case that may have resulted from the newspaper article, and that would have required a mistrial.

Further, though Appellant's brief claims otherwise, the court did issue a cautionary instruction to the jurors advising them not to consider any articles or editorials they may have read in the media. *See* N.T. Trial, 12/21/09, at 22. "The jury is presumed to have followed the court's instructions." *Commonwealth v. Chmiel*, 30 A.3d 1111, 1147 (Pa. 2011) (citation omitted).

As to Appellant's other asserted grounds for a mistrial, the record establishes that all parties were aware of the mid-trial recess before the trial began. *See* N.T. Trial, 12/4/09, at 287-300. Appellant's trial counsel chose not to rest the defense case before the recess, in order to locate an additional witness. *See id*. Aside from vague speculation about what the jury "may not have been able to recall" after the recess, Appellant again advances no argument, let alone proof, that he was denied a fair and impartial trial. Thus, there was no basis for a mistrial when the trial resumed.

Appellant has failed to present any evidence that, had appellate counsel properly argued on direct appeal for a new trial based on the recess or the newspaper article, either issue merited relief. Consequently, appellate counsel cannot be deemed ineffective for failing to present this meritless

claim on direct appeal. ***See***, ***e.g.***, ***Commonwealth v. Lawrence***, 960 A.2d

473, 478 (Pa. Super. 2008).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/26/2017