J-S24041-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARTIN BROWN, | : | |
| | : | |
| Appellant | : | No. 2794 EDA 2019 |

Appeal from the PCRA Order Entered August 23, 2019
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003080-2011
CP-51-CR-0004214-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARTIN BROWN, | : | |
| | : | |
| Appellant | : | No. 2795 EDA 2019 |

Appeal from the PCRA Order Entered August 23, 2019
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003080-2011
CP-51-CR-0004214-2013

BEFORE: BENDER P.J.E., STABILE, J. and STRASSBURGER, J.[*]

MEMORANDUM BY STRASSBURGER, J.: **FILED SEPTEMBER 11, 2020**

Martin Brown (Appellant) appeals from the August 23, 2019 order

dismissing without a hearing his petition filed pursuant to the Post

_____

[*] Retired Senior Judge assigned to the Superior Court.

Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Upon review, we affirm.

A prior panel of this Court summarized the factual and procedural history as follows.

> [On May 27, 2014, f]ollowing a jury trial, Appellant was convicted of offenses stemming from two consolidated cases. At Docket No. CP-51-CR-0004214-2013, the jury found Appellant guilty of one count of third-degree murder. At Docket No. CP-51-CR-0003080-2011, the jury convicted Appellant of one count each of possession of a firearm by a prohibited person, carrying a firearm without a license, carrying a firearm on a public street in Philadelphia, and possessing an instrument of crime. On August 1, 2014, the trial court sentenced Appellant to an aggregate term of thirty years to sixty years in prison.
>
> Appellant filed a timely post-sentence motion challenging his third-degree murder conviction, and the trial court denied the same on December 1, 2014. While Appellant filed a timely appeal in that matter, he failed to do so in his case involving the firearms convictions. Ultimately, Appellant filed a [PCRA petition] on February 9, 2015, seeking reinstatement of his appeal rights *nunc pro tunc*. The trial court granted Appellant's PCRA petition on February 27, 2015, and Appellant filed an appeal that same day. Thereafter, the two appeals were consolidated.
>
> Pursuant to the trial court's direction, on February 27, 2015, Appellant filed [a Pa.R.A.P 1925(b) statement].

***Commonwealth v. Brown***, 141 A.3d 598[1] (Pa. Super. 2016) (unpublished memorandum at 2-3) (footnotes omitted). On February 19, 2016, this Court affirmed Appellant's judgment of sentence. ***Id.*** Appellant did not file a petition for allowance of appeal with our Supreme Court.

---

[1] Identical unpublished memorandum at 141 A.3d 599.

On April 14, 2016, Appellant *pro se* timely filed the instant PCRA petition at both lower court docket numbers. Nino V. Tinari, Esq. entered his appearance on behalf of Appellant on July 27, 2016. Thereafter, he filed an amended PCRA petition on March 1, 2017, and a second amended petition on December 5, 2017. Therein, Appellant asserted claims of ineffective assistance of trial counsel, and requested discovery from the Commonwealth regarding police interviews of the victim. On July 11, 2019, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing, pursuant to Pa.R.Crim.P. 907, because Appellant's issues lacked merit. Appellant timely filed a response to the PCRA court's Rule 907 notice on July 31, 2019, requesting an evidentiary hearing concerning trial counsel's ineffectiveness and time to hire an investigator to find a potential witness. On August 23, 2019, the PCRA court dismissed Appellant's petition.

On September 16, 2019, Appellant timely filed separate notices of appeal at each docket.[2]

_____

[2] On September 17, 2019, pursuant to Pa.R.A.P. 1925(b)(2), the PCRA court directed Appellant to file a 1925(b) statement within 21 days, *i.e.*, by October 8, 2019. Appellant filed his 1925(b) statement on October 10, 2019, and therein submitted a motion for a two-day retroactive extension. On October 16, 2019, the PCRA court granted Appellant's motion. Both Appellant and the PCRA court complied with the mandates of Rule 1925.

On December 5, 2019, this Court issued a rule to show cause based on Pa.R.A.P. 341, its Note, and our Supreme Court's decision in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (holding that "where a single order resolves issues arising on more than one docket, separate *(Footnote Continued Next Page)*

On appeal, Appellant presents a single question in his statement of questions involved for our review.

> Did the PCRA court commit legal error and abuse its discretion by dismissing the PCRA petition without an evidentiary hearing because due to recent landmark-decisions in the area of search and seizure concerning police seizure of data from Appellant's cell phone activity because had Appellant been able to testify at the May 19th, 2014 motion to suppress hearing his standing would have been established and the motion granted?

Appellant's Brief at 2 (designations altered).

In reviewing an appeal from the denial of PCRA relief, "[w]e must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Mikell**, 968 A.2d 779, 780 (Pa. Super. 2009), *quoting* **Commonwealth v. Lawrence**, 960 A.2d 473, 476 (Pa. Super. 2008) (citations omitted). A PCRA petitioner is not automatically entitled to an evidentiary hearing. **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008). "[I]f the PCRA court can determine

*(Footnote Continued)* —————

notices of appeal must be filed for each one of those cases"). On December 6, 2019, Appellant filed a response, in which he stated that he complied with **Walker**. This Court discharged the rule to show cause and referred the issue to the merits panel for disposition. Pursuant to **Commonwealth v. Johnson**, Appellant has complied with **Walker** despite listing both docket numbers on his separately filed notices of appeal. ___ A.3d ___, 2020 WL 3869723 at *4 (Pa. Super. 2020) (holding that "[w]e should not invalidate an otherwise timely appeal based on the inclusion of multiple docket numbers, a practice that the Rules themselves do not expressly forbid").

from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Id.* We review the PCRA court's decision to dismiss a petition without a hearing for an abuse of discretion. *Commonwealth v. McGarry*, 172 A.3d 60, 70 (Pa. Super. 2017) (citation omitted).

Before we address the merits of Appellant's issue, we must determine whether he has preserved it for our review. As the PCRA court noted, Appellant did not raise his claim in his PCRA petition.[3] *See* PCRA Court Opinion, 11/25/2019, at 5. The trial court explained that Appellant "never argued in the PCRA court that [Appellant] should have testified in the hearing on the motion to suppress cellphone records," and the issue is being raised for the first time on appeal. *Id.* We agree with the trial court's cogent reasoning. Accordingly, it is waived for failing to preserve it below. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *see also Commonwealth v. Fletcher*, 986 A.2d 759, 778, 806-07 (Pa. 2009) (holding claims not raised in the PCRA court are waived and cannot be raised for the first time on appeal); *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*) (stating claims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal).

_____

[3] Although Appellant's question on appeal is not identical to the issue he raised in his Rule 1925(b) statement, we conclude it is subsumed therein. *See* Pa.R.A.P. 2116(a); *see also* In re G.D., 61 A.3d 1031, 1036 n.3, 4 (Pa. Super. 2013).

Even if it were not waived, Appellant has abandoned this claim by failing to present any argument related to this issue in his brief. Instead, in the argument section of his brief, Appellant argues that the PCRA court erred in dismissing his PCRA claim that trial counsel was ineffective for failing to argue in his motion to suppress that the search warrant for Appellant's cell phone records and data lacked probable cause. *Id.* at 3-4, 6-7. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citations omitted).

Accordingly, Appellant has waived his Pa.R.A.P. 1925(b) issue by failing to preserve it below and failing to present any meaningful argument in support thereof on appeal. Additionally, Appellant has waived the issue he asserts in the argument section of his brief by failing to raise it in his Pa.R.A.P. 1925(b) statement.

Thus, Appellant has failed to preserve any claims for our review, and we affirm the PCRA court's order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/11/20