J-S29028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                             : PENNSYLVANIA
                                                             :

              v.                          :
                                             :
                                           :

LAMAR CALDWELL                    :
                                           :

              Appellant          :    No. 1056 EDA 2021

Appeal from the PCRA Order Entered April 27, 2021,
in the Court of Common Pleas of Bucks County,
Criminal Division at No(s): CP-09-CR-0006260-2015.

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                             : PENNSYLVANIA
                                                             :

              v.                         :
                                           :
                                           :
                                         :

LAMAR CALDWELL                    :
                                           :

              Appellant          :    No. 1057 EDA 2021

Appeal from the PCRA Order Entered April 27, 2021,
in the Court of Common Pleas of Bucks County,
Criminal Division at No(s): CP-09-CR-0008162-2015.

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:       **FILED DECEMBER 13, 2021**

     Lamar Caldwell appeals from the order denying his first petition for relief

filed under the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46.

We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

The pertinent facts and procedural history are as follows: On August 17, 2015, Caldwell was arrested at the residence of James Santos, while attempting to burglarize the home. Mr. Santos and his two children were inside the residence at that time. In fact, Mr. Santos' fifteen-year-old daughter pushed her weight against a side door so that Caldwell could not enter the home. That same day, police charged him with attempted burglary and a related crime.

DNA taken from Caldwell following this arrest was later determined to match DNA from the scene of a burglary that had occurred at the home of Witold and Gabriella Czach several weeks earlier. On December 9, 2015, police charged Caldwell with burglary and related charges in connection with this prior burglary. The trial court consolidated the two criminal dockets for trial.

On March 15, 2016, a jury convicted Caldwell of several charges including attempted burglary-occupied structure, person present, of the Santos residence and burglary, occupied structure, no person present, of the Czach residence. On July 6, 2016, the trial court imposed an aggregate term of twenty to forty years of incarceration. The trial court denied Caldwell's post-sentence motions.

Caldwell filed an appeal to this Court, and, on June 1, 2018, we affirmed his judgment of sentence. *See Commonwealth v. Caldwell*, 193 A.3d 1035 (Pa. Super. 2018) (non-precedential decision). Although Caldwell raised a challenge to the discretionary aspects of his sentence, this Court found the

issue waived because Caldwell's brief did not include a Pa.R.A.P. 2119(f) statement, and the Commonwealth objected to its absence. *Id.* at *10. On October 23, 2018, our Supreme Court denied Caldwell's petition for allowance of appeal. ***Commonwealth v. Caldwell***, 196 A.3d 205 (Pa. 2018).

On March 1, 2019, Caldwell filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, and PCRA counsel twice filed amended petitions. The Commonwealth filed an answer. The PCRA court held an evidentiary hearing on November 23, 2020. By order entered April 27, 2021, the PCRA court denied Caldwell post-conviction relief. This timely appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance but did file an opinion in which it incorporated is June 23, 2017 opinion written in response to Caldwell's direct appeal.

In this appeal, Caldwell claims that appellate counsel was ineffective because he failed "to preserve a viable sentencing issue—that the [trial court] failed to adequately explain the reasons for imposing a sentence outside of the sentencing guidelines[.]" Caldwell's Brief at 16.

Our scope and standard of review is well-settled:

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015) (*en banc*) (internal citations and quotations omitted).

Caldwell's only issue raises a claim of appellate counsel's ineffectiveness. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) the petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010).

Caldwell claims his "sentence was far in excess of that recommended by the Sentencing Guidelines, and, if properly challenged, would at least have been considered" by this Court. Caldwell's Brief at 13. According to Caldwell, "[t]his ineffective assistance of counsel requires the reinstatement of [his]

right to present a direct appeal of his sentence to" this Court. *Id.* As discussed below, Caldwell's claim of ineffectiveness fails.

At the PCRA hearing, the parties stipulated that, had appellate counsel testified at the evidentiary hearing he would have stated that he intended to include the Rule 2119(f) statement but that his failure to do so was caused by oversight. Thus, as the Commonwealth concedes, Caldwell has satisfied the first two prongs of the ineffectiveness test. However, our review of the record supports the PCRA court's conclusion that Caldwell did not establish the final prong of ineffectiveness—that he was prejudiced by counsel's omission.

> Sentencing is a matter vested in the sound discretion of the sentencing court, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion, which in this context, is not shown merely be an error in judgment; rather the appellant must establish by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shull*, 148 A.3d 820 (Pa. Super. 2016).

It is undisputed that Caldwell was sentenced outside the applicable guideline ranges. As this Court has summarized:

> In every case where a sentencing court imposes a sentence outside the guidelines, the court must provide in open court a contemporaneous statement of reasons in support of its sentence. 42 Pa.C.S.A. § 9721; *see also Commonwealth v. Eby*, 784 A.2d 204, 205-06 (Pa. Super. 2001).
>
> The statute requires a trial judge who intends to sentence a defendant outside of the guidelines to demonstrate on the record, as a proper starting point, [its] awareness of the

sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as [it] also states of record the factual basis and specific reasons which compelled [it] to deviate from the guideline range.

***Commonwealth v. Gibson***, 716 A.2d 1275, 1276-77 (Pa. Super. 1998).

***Shull***, 148 A.3d at 835-36 (some formatting altered).

Here, at sentencing, the court first noted that it reviewed the detailed pre-sentence investigation ("PSI") prepared in the case which described the circumstances of Caldwell's difficult childhood. The court then addressed Caldwell and began its comments:

When I read the PSI, you were right at times. And I saw that you weren't going to school when you were young, in fourth grade, fifth grade, whatever it was, you weren't going to school because there was nobody to care for you because you were on your own. I understand that. We did everything in this system and tried to intervene. Family Court tried to intervene. They moved you. They did everything that they could to replace that family that wasn't there. So I know exactly how you got where you got. I know exactly why you spent 20 years of your life, 30 years, whatever it all adds up to, incarcerated.

People should have protected you.

[CALDWELL]: Yes, ma'am.

THE COURT: The problem I have, [Caldwell], . . . is that that doesn't allow you to victimize other people. There's a lot of things you can do in response to that, but victimizing other people isn't one of them. They have a right to live their lives. They have a right to be safe. They have a right to enjoy their life.

You are not going to stop this. It's been going on since you were a kid and you keep committing the same conduct, not just crime, but crime against human beings, people. You go into their homes. You confronted people in the past; you confronted people here. One of the things that I used to be able to say to crime victims is that burglars don't want to run into people. Burglars when they go into someone's home, they tend to move on, go to another victim.

That's not you. You are so angry or cold or whatever has happened to you, whatever made you, you don't even care about people being in the home when you go inside. You don't care about them as human beings. You don't care anything about them. You force your way in. The days of you going out the second floor window to avoid a homeowner are gone. But for the fact that that little girl was able to lock the door, you would have been in her home with her. And she is, also, young and deserves to be protected.

[The Commonwealth] is right. These guidelines just do not, do not accurately or adequately reflect your criminal history. You have committed one of the most dangerous crimes over and over and over again, [against] multiple people, despite intervention of the criminal justice system and on multiple occasions. The sentencing guidelines don't take into account the separate crimes that you committed. The four burglaries were treated as one for purposes of sentencing guidelines.

There are times where I get angry when I impose sentence. And you were right, I get angry when I see crime. And then there are other times when I am just – I don't know. Maybe sad is the word. I don't know what it is.

The bottom line here is you, as an adult, made a decision to do this. That is the decision you made, and you knew what was going to happen if you got caught, and you knew what you were looking at if you got caught, and you did it anyway.

Taking into account all of the circumstances, I am left with no choice other than me saying there is no question in my mind that if you are permitted to be in society, that you will commit another burglary and there will be another

family that has to come home to see their home invaded, their privacy taken, their feeling of safety removed.

So therefore, I don't believe that the sentencing guidelines, as I said, accurately reflect the harm that you have caused and the continuing harm that your will continue to cause. I find that you are a danger to the community; and therefore, I have no other choice than to impose the following sentence.

N.T., 7/6/16, at 22-25.

After it imposed the sentence at issue, the court summarized:

I am very much aware of the length [of the sentence], that I exceeded the sentencing guidelines given the criminal history, the facts of the case, the fact of what occurred in terms of that you attempted to gain entry into the home and [your] struggle with the little girl to enter that home. She is not a little girl – a young woman to enter that home. I take into account that he was only released for a very short period of time before he committed these particular offenses. I take into account the damage and destruction he decided to do to one of the homes, the fact that he tried to gain entry into the home. The crime shows he as not concern for confronting the homeowners, no concern for them or their property.

*Id.* at 26-27.

Here, the PCRA court found that Caldwell "failed to establish that this [c]ourt abused its discretion in imposing a sentence which exceeded the aggravated range of the sentencing guidelines." PCRA Court Opinion, 6/4/21, at 4. In its prior opinion supporting its sentencing decision on direct appeal, the court explained further the reasons for its decision to impose a sentence that deviated from the guideline ranges. *See* Trial Court Opinion, 6/23/17, at 19-25.

Our review of the sentencing transcript supports the PCRA court's statement that it provided ample reasons for the aggregate sentence it imposed. Contrary to Caldwell's contention in his brief, the trial court did not impermissibly consider his prior crimes. ***See e.g.***, ***Commonwealth v. Gibson***, 716 A.2d 1275, 1279 (Pa. Super. 1998) (holding that sentence outside guidelines was justified because, *inter alia*, the appellant disregarded earlier opportunity to reform). Thus, had Caldwell's sentencing claim been preserved on appeal, we would not have found merit to the claim, vacated his judgment of sentence, or remanded for a new sentencing hearing. Given the trial court's thorough rationale for its sentencing choice, the PCRA court did not err in dismissing Caldwell's ineffectiveness claim. ***See Commonwealth v. Lawrence***, 960 A.2d 473, 478-80 (Pa. Super. 2008) (affirming dismissal of ineffective assistance claim for failure to preserve discretionary aspects of sentence challenge on direct appeal because sentence imposed by trial court was reasonable).

In sum, Caldwell has failed to demonstrate that he was prejudiced by counsel's omission because he has not proven that a new sentencing hearing would have been granted, had counsel preserved his claim. Caldwell's bare assertion that he possessed a "viable" sentencing claim is not sufficient to establish that he was prejudiced by appellate counsel's oversight. Thus, the PCRA court correctly determined that Caldwell did not establish his claim of appellate counsel's ineffectiveness, and the PCRA court properly dismissed his

amended PCRA petition. We therefore affirm the PCRA court's order denying Caldwell post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2021