J-S36013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA

v.

CHRISTOPHER COKER

Appellant | No. 2397 EDA 2016

Appeal from the PCRA Order June 30, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1200411-2003

BEFORE:  PANELLA, J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED JULY 26, 2017**

Appellant, Christopher Coker, appeals from the order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546 without a hearing.[1] Appellant raises seven claims based upon his assertion that both trial and appellate counsel were ineffective. After careful review, we conclude that none of Appellant's claims have merit, and therefore affirm.

---

[1] The PCRA court's Rule 1925(a) opinion states that Appellant's petition was denied following an evidentiary hearing on June 30, 2016. *See* PCRA Court Opinion, 10/26/16, at 2. However, upon evaluation of the transcript, it is evident that the purpose of the June 30 hearing was not to collect evidence, but rather to hold a hearing pursuant to the dictates of *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998), to determine whether Appellant wanted to continue with appointed counsel. *See* N.T., *Grazier* Hearing, 6/30/16. Thus, we will evaluate the denial of Appellant's PCRA petition as a denial without an evidentiary hearing.

A panel of this Court previously summarized the facts of this matter as follows.

> The facts of this case involve Appellant firing multiple gunshots at his victim at the street corner where the two men were arguing on April 13, 2003. One neighbor testified to having heard two gunshots and then seeing Appellant standing in a "shooting posture" with his left hand supporting the gun-holding right while aiming it at the victim, who at that point was trying to run away. Watching from his enclosed porch, where he had told his children to wait while the dispute between Appellant and his victim was escalating, the neighbor heard a "few more shots" and the victim yell for someone to "please help" just moments before he fell to the ground. Another witness testified to hearing six to eight gunshots, and seconds later looked out her window directly across the street and could clearly see her neighbor, Appellant, holding a gun as he entered his home for several minutes before leaving in his car. She phoned police immediately.

> Emergency personnel found the victim unconscious and bleeding heavily from various parts of the body, including the back of his leg, where a bullet severed a major artery. Listed in critical condition upon arrival at Temple University Hospital's emergency room, Appellant never regained consciousness and died from his injuries on May 11, 2003. Approximately four months later, Appellant was arrested by the "warrant squad" of the Philadelphia Police Department and charged with murder along with [possessing an instrument of crime].

**Commonwealth v. Coker**, No. 2539 EDA 2007, at 2 (Pa. Super., filed 12/15/09) (unpublished memorandum) (internal citations to the record omitted).

Appellant proceeded to a jury trial where he was convicted of voluntary manslaughter and possessing an instrument of crime. On August 30, 2005, the trial court sentenced Appellant to an aggregate term of seven to fourteen years' incarceration followed by a ten-year probation term.

Appellant did not file a direct appeal, but later filed a timely PCRA petition seeking the reinstatement of his direct appeal rights. The PCRA court reinstated Appellant's appeal rights and appointed Richard Brown, Jr., Esquire, as appellate counsel. Appellant subsequently presented a challenge to the trial court's alleged *ex parte* interaction with the jury at his trial to this Court. We affirmed Appellant's judgment of sentence and our Supreme Court denied *allocator*.

On November 12, 2010, Appellant filed the instant PCRA petition, alleging the ineffectiveness of both trial counsel, Todd Henry, Esquire, and appellate counsel, Attorney Brown. The PCRA court appointed PCRA counsel, Elayne Bryn, Esquire. Attorney Bryn filed a ***Turner***/***Finley*** no-merit letter and petition to withdraw as counsel on May 11, 2015. The following day, the PCRA court granted Attorney Bryn's request to withdraw and issued a Rule 907 notice of its intent to dismiss the petition without a hearing. Appellant filed a response, requested the appointment of new counsel, and requested a hearing. The PCRA court granted Appellant's request for new counsel and appointed David Rudenstein, Esquire, on August 28, 2015.

Shortly thereafter, Attorney Rudenstein filed an amended petition through which Appellant raised seven allegations of ineffective assistance of counsel, renewed Appellant's request for an evidentiary hearing, and requested a new trial. The PCRA court filed a Rule 907 notice of its intent to dismiss the petition as amended on May 12, 2016. In response, Appellant filed a motion for leave to hold an immediate ***Grazier*** hearing. The PCRA

held the *Grazier* hearing, and after determining that Appellant did not wish to proceed without counsel, denied the petition on June 30, 2016. This timely appeal followed.

On appeal, Appellant contends that the PCRA court erred by dismissing his PCRA petition without an evidentiary hearing. *See* Appellant's Brief, at 3. To support this claim, Appellant raises seven separate allegations of trial counsel ineffectiveness and appellate counsel ineffectiveness that he claims would have proved meritorious at an evidentiary hearing. *See id*., at 13-22.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Edmiston*, 65 A.3d 339, 345 (Pa. 2013) (citation omitted) "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." *Commonwealth v. Koehler*, 36 A.3d 121, 131 (Pa. 2012) (citation omitted).

Through all of Appellant's claims on appeal, he asserts ineffectiveness of counsel. *See* Appellant's Brief, at 13-22. We presume the effective assistance of counsel; an appellant has the burden of proving otherwise. *See Commonwealth v. Pond*, 846 A.2d 699, 708 (Pa. Super. 2004). "In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which … so undermined the truth-determining process that no

reliable adjudication of guilt or innocence could have taken place." ***Commonwealth v. Johnson***, 868 A.2d 1278, 1281 (Pa. Super. 2005) (citation omitted). Further,

> Appellant must plead and prove by a preponderance of the evidence that: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) Appellant suffered no prejudice because of counsel's action or inaction.

***Commonwealth v. Spotz***, 18 A.3d 244, 260 (Pa. 2011) (internal citations and quotation marks omitted).

The right to an evidentiary hearing on a post-conviction petition is not absolute. ***See Commonwealth v. Jordan***, 772 A.2d 1011, 1014 (Pa. Super. 2001). It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. ***See id***. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting a hearing. ***See Commonwealth v. Hardcastle***, 701 A.2d 541, 542-543 (Pa. 1997).

In "ineffectiveness claim in particular, if the record reflects that the underlying issue is of no arguable merit or no prejudice resulted, no evidentiary hearing is required." ***Commonwealth v. Bauhammers***, 92 A.3d 708, 726-727 (Pa. 2014) (citation omitted). "Arguable merit exists

when the factual statements are accurate and could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination." ***Commonwealth v. Barnett***, 121 A.3d 534, 540 (Pa. Super. 2015) (citation omitted). "Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." ***Commonwealth v. Stewart***, 84 A.3d 701, 707 (Pa. Super. 2013) (internal citations and quotation marks omitted). We review a PCRA court's decision to deny a claim without a hearing for an abuse of discretion. ***See id***.

In his first two claims, Appellant contends trial counsel was ineffective for failing to object to statements made by the prosecutor in her opening remarks. ***See*** Appellant's Brief, at 9, 13-15. We have previously recognized that

> [n]ot every unwise remark made by an attorney amount to misconduct or warrants the grant of a new trial. Comments by a prosecutor do not constitute reversible error unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so they could not weigh the evidence objectively and render a true verdict.
>
> Furthermore, according to the Pennsylvania Supreme Court in ***Commonwealth v. Chmiel***, [889 A.2d 501, 543-544 (Pa. 2005)]:
>
>> In determining whether the prosecutor engaged in misconduct, courts must keep in mind that comments made by a prosecutor must be examined within the contest of defense counsel's conduct. It is well settled

> that the prosecutor may fairly respond to points made in the defense closing. A remark by a prosecutor, otherwise improper, may be appropriate if it is in fair response to the argument and comment of defense counsel. Moreover, prosecutorial misconduct will not be found where comments were based on the evidence or proper inferences therefrom or were only oratorical flair.

***Commonwealth v. Collins***, 70 A.3d 1245, 1252-53 (Pa. Super. 2013) (internal citations and quotation marks omitted; brackets added and omitted).

Appellant first challenges the references to the victim's race the prosecutor made during opening statements. ***See*** Appellant's Brief, at 9, 13-14. Specifically, Appellant contends that the following statements improperly injected the issue of race into the trial. ***See id***., at 13-14.

> COMMONWEALTH: Well I'm going to tell you right now that the facts you're going to hear today and the next few days in this case were not ripped from the pages of today's headlines or any other day's headlines for that matter. Because it's a sad reality for us as citizens of the City of Philadelphia that when a young, black man gets shot, cut down in his prime and gets killed in the streets of Philadelphia it very, very rarely makes the headlines. But that's exactly what happened in this case, ladies and gentlemen. The defendant Christopher Coker, shot and killed the victim in this case Jermane Morgan. Jermane Morgan, a young black man of 29 years of age.

N.T., Jury Trial, 7/13/05, at 35-36. The prosecutor mentioned the victim's race again, stating:

> COMMONWEALTH: Like I said, it doesn't make headlines when a young black man gets killed on the streets of Philadelphia.

***Id***., at 37.

We agree with the PCRA court, *see* PCRA Court Opinion, 10/25/16, at 5-6, that this issue has no merit. While perhaps ill advised, the prosecutor's statement did not inflame any racial bias within the jury: the main issue in the case was self-defense and both the victim and defendant were African-American. Thus, this issue merits no relief.

Appellant next argues trial counsel failed to object to the prosecutor's impermissible remark concerning Appellant's Fifth Amendment right to remain silent. **See** Appellant's Brief, at 9, 15. Appellant draws this conclusion from the prosecutor's remark that "[t]he one person who will not be taking this stand is [the victim], but the physical evidence will testify for him and speak for him." N.T., Jury Trial, 7/13/05, at 42. Appellant contends that, through this statement, the prosecutor impermissibly implied Appellant *would* be testifying at trial, thus violating his Fifth Amendment right to choose not to testify. **See** Appellant's Brief, at 15.

As a general rule, "any comment that the prosecuting attorney makes regarding a defendant's election not to testify is a violation of the defendant's right against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution, Article I, Section 9 of the Pennsylvania Constitution and by statute, codified at 42 Pa.C.S.A. § 5941." **Commonwealth v. Trivigno**, 750 A.2d 243, 248 (Pa. 2000) (plurality) (citation omitted). A comment will infringe upon this right if "the language used by the prosecutor is intended to create for the jury an adverse inference from the failure of the defendant to testify." **Commonwealth v.**

*Clark*, 710 A.2d 31, 39 (Pa. 1998), *abrogated on other grounds by Commonwealth v. Freeman*, 827 A.2d 385 (Pa. 2003).

Instantly, unlike situations in which a prosecutor comments on a defendant's failure to testify, Appellant claims that the prosecutor indicated that Appellant *would* be testifying. Appellant does not, and cannot, point to any case law that indicates that a prosecutor's comments relating to the mere fact that a defendant was *planning* to testify violates these rights. Further, there is a severe attenuation in the leap from the actual comment by the prosecutor to Appellant's understanding of the comment. Therefore, we do not find that Appellant could have shown that he was prejudiced in any manner by this statement. Thus, the PCRA court properly denied this claim without an evidentiary hearing.

Next, Appellant contends that trial counsel was ineffective for failing to notify Appellant of a conflict of interest that arose during the course of the trial. **See** Appellant's Brief, at 9, 16. Specifically, Appellant claims that trial counsel's prior representation of one of the Commonwealth's witness's daughters in an unrelated matter renders counsel ineffective. **See id**., at 16.

An attorney owes his client a duty of loyalty, including a duty to avoid conflicts of interest. **See Strickland v. Washington**, 466 U.S. 668, 688 (1984). "An appellant cannot prevail on a preserved conflict of interest claim absent a showing of actual prejudice" **Commonwealth v. Collins**, 957 A.2d 237, 251 (Pa. 2008) (citations omitted). However, if an appellant is able to show that trial counsel experienced an actual, rather than potential conflict

of interest, prejudice is presumed. **See id**. "To show an actual conflict of interest, the appellant must demonstrate that: (1) counsel actively represented conflicting interests; and (2) those conflicting interests adversely affected his lawyer's performance." **Id**. (citations and internal quotation marks omitted).

We agree with the PCRA court that this issue has no merit. As the PCRA court explains in its well-written opinion:

> At trial, the prosecutor informed the trial court that trial counsel had a possible conflict of interest as he had previously represented the daughter of one of the Commonwealth's witnesses in a matter involving a street fight between the daughter and other girls in the neighborhood. N.T. 7/13/05 at 107-110. However, trial counsel informed the court that, while he had represented the daughter, there was no actual conflict of interest as the daughter would not be testifying at defendant's trial, defendant was not involved in the daughter's street fight, and trial counsel had not contacted the daughter or the Commonwealth witness in any way to request assistance in defendant's case. N.T. 7/13/05 at 109-110. In addition, the Commonwealth witness at issue was only being called by the Commonwealth to say that she saw defendant running with a gun, which were the facts not disputed in this self-defense case. N.T. 7/13/05 at 110.

PCRA Court Opinion, 10/25/16, at 8.

It is clear from the record trial counsel did not represent competing interests. As there was no actual conflict, this issue merits no relief.

In his fourth alleged error, Appellant contends trial counsel rendered ineffective assistance for failing to move for a "proper" cautionary instruction and mistrial following an improper statement made by James Wirth that Appellant and his friends were "known in the area." Appellant's Brief, at 17-

18. Appellant contends this statement, when combined with Wirth's earlier statement that he fled Philadelphia because he feared for his life, improperly introduced evidence of Appellant's *prior* bad acts. **See id**. Further, Appellant contends that while the trial court instructed the jury to disregard the statement as it applied to Appellant's friends, the trial judge failed to include Appellant in this instruction. **See id**. Therefore, Appellant contends it was error for trial counsel to fail to specifically request Appellant be included in this instruction and to fail to move for a mistrial. **See id**.

"Evidence of prior crimes or bad acts may not be presented at trial to establish the defendant's criminal character or proclivities." **Commonwealth v. Hudson**, 955 A.2d 1031, 1034 (Pa. Super. 2008) (citation omitted). **See also** Pa.R.E. 404(b)(1).

Appellant's claim of error rests upon his belief that Wirth's statement that he left town because he was afraid and that Appellant and his friends were "known in the area" introduced *prior* bad acts evidence in violation of Rule 404. There is no evidence of record, however, that Wirth testified as to any *prior* actions on behalf of Appellant that would have inspired his fear. As he "did not mention other crimes, wrongs, or acts, [Wirth's] testimony does not implicate Rule 404." **Commonwealth v. Cook**, 952 A.2d 594, 620 (Pa. 2008) (citation and internal quotation marks omitted). Accordingly, trial counsel was not ineffective for failing to request a "proper" cautionary instruction or move for a mistrial based upon the introduction of this

evidence. Thus, we will not disturb the PCRA court's determination that this issue was meritless and did not require an evidentiary hearing.[2]

Next, Appellant argues trial counsel was ineffective for failing to object to a police officer's alleged irrelevant testimony relating to a search warrant. *See* Appellant's Brief, at 18-19. Specifically, Appellant contends that the following comments made by Detective Richard Flynn were irrelevant and allowed the Commonwealth to place its "imprimatur on the case" *Id*., at 19.

> PROSECUTOR: I'm going to ask you to explain to the jury what a search and seizure warrant is and what power, if any, does it give you.
>
> DETECTIVE FLYNN: A search and seizure warrant allows a police officer, anybody in law enforcement, to enter someone's property in order to find evidence of a crime. In order to do that, you have to convince a judicial authority, the person issuing the warrant, that there was enough probable cause to do this; there is enough evidence or to believe that there is enough of a crime within a person's home.

N.T., Jury Trial, 7/14/05, at 12.

"Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." *Commonwealth v. Drumheller*, 808 A.2d 893, 904 (Pa. 2002) (citation omitted). "All relevant evidence is admissible, except as

---

[2] "[A]n appellate court may affirm the lower court on any basis, even one not considered or presented in the court below." *Commonwealth v. Burns*, 988 A.2d 684, 690 n.6 (Pa. Super. 2009).

otherwise provided by law. Evidence that is not relevant is not admissible." Pa.R.E. 402.

The PCRA court "agrees that it is not relevant at trial that a judicial authority found probable cause to believe that evidence of a crime would be found in defendant's home." PCRA Court Opinion, 10/25/16, at 10. The police obtained the warrant obtained to search for the handgun used in the shooting. At trial, as the PCRA court notes, Appellant admitted he possessed the handgun—and that he shot the decedent. The only issue at trial was self-defense. "Under these circumstances, the evidence that probable cause existed to show that defendant had a gun in his home could not have adversely affected defendant's case." *Id*., at 11. This reasoning is sound. Appellant cannot establish prejudice. Thus, Appellant's fifth claim of trial counsel ineffectiveness on appeal fails.

Appellant raises a similar challenge to the introduction of allegedly irrelevant evidence in his sixth issue. Appellant claims appellate counsel was ineffective when he failed to challenge, on direct appeal, the trial court's evidentiary ruling that allowed a detective to testify that the Commonwealth witness, Wirth, had been arrested for absconding from probation following his testimony. *See* Appellant's Brief, at 21. Appellant contends that this information was not relevant, and therefore its introduction only served to prejudice Appellant by unfairly undermining the impeachment of Wirth. *See id*.

The PCRA court cogently explained its reasoning for dismissing this claim in its opinion:

Here, the evidence of Wirth's arrest after testifying was highly relevant to corroborate an important part of Wirth's testimony. In particular, Wirth testified that he returned to Philadelphia after absconding knowing that there was a warrant outstanding for his arrest, and fully expecting to surrender to authorities. He also testified that no promises had been made to him for returning and testifying, and that he was aware that he could face new charges and be imprisoned upon his return. N.T. 7/13/05 at 134-136. Wirth's arrest following his testimony corroborated Wirth's stated belief that he was actually not receiving favorable treatment and would face consequences for violating probation. Moreover, the potential for unfair prejudice was minimal.

PCRA Court Opinion, 1025/16, at 12.

We agree with the PCRA court that the testimony was relevant. Thus, an objection posed by trial counsel would have failed. We cannot deem Appellate counsel ineffective for failing to present a meritless claim on direct appeal. *See Commonwealth v. Lawrence*, 960 A.2d 473, 478 (Pa. Super. 2008).

In his seventh and final alleged error, Appellant claims that trial counsel was ineffective in failing to investigate and call Kia Miller as a witness at trial. *See* Appellant's Brief, at 22.

"Where a[n appellant] claims that counsel was ineffective for failing to call a particular witness, we require proof of that witness's availability to testify, as well as an adequate assertion that the substance of the purported testimony would make a difference in the case." *Commonwealth v.*

- 14 -

***Michaud***, 70 A.3d 862, 867 (Pa. Super. 2013) (citation omitted; brackets in original). In the PCRA petition, the petitioner "shall include a signed certification as to each intended witness stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony." 42 Pa.C.S.A. § 9545(d)(1).

Here, Appellant establishes the identity of the witness, Kia Miller—and that is all. Appellant writes in his appellate brief that "in being forthright, [he] does not have any information pertaining to Kia Miller." Appellant's Brief, at 22. He raises this claim only to "preserve the issue at this time and would investigate if the case were remanded for an evidentiary hearing and/or a new trial were granted." ***Id***. That is not how one successfully raises this claim. The PCRA court committed no error in finding it was without merit.

Order affirmed.

President Judge Emeritus Ford Elliott joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/26/2017