J-S09013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARNELL HAMRICK | : | |
| | : | |
| Appellant | : | No. 1821 EDA 2021 |

Appeal from the Judgment of Sentence Entered August 2, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000440-2007

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED JUNE 3, 2022**

Darnell Hamrick appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County.  Hamrick challenges the discretionary aspects of his sentence.  After our review, we find no abuse of discretion and, therefore, affirm.

Following trial, a jury convicted Hamrick of first-degree murder.[1] Hamrick was 16 years old when he committed the murder.  On January 9, 2009, the Honorable Sheila Woods-Skipper sentenced Hamrick to the mandatory term of life imprisonment without parole (LWOP).  Subsequently, the court granted Hamrick post-conviction relief and vacated his sentence pursuant to **Miller v. Alabama,** 567 U.S. 460 (2012), which held the Eighth

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2502(a).

Amendment forbids a sentencing scheme that mandates LWOP for juvenile offenders.

On August 2, 2021, The Honorable Barbara A. McDermott held a resentencing hearing. At that hearing, members of both the victim's family and Hamrick's family testified, and Hamrick exercised his right of allocution. At the conclusion of the hearing, the court resentenced Hamrick to 22½ years to life imprisonment. Hamrick filed a post-sentence motion, which the court denied. He then filed this timely appeal. Both the trial court and Hamrick complied with Pa.R.A.P. 1925.

Hamrick raises the following issues for our review:

1. Did the resentencing court abuse its discretion by imposing a sentence that was based upon the court's interpretation of retribution only and which effectively ignored other sentencing factors when the court effectively ignored [Hamrick's] rotten social background and potential for rehabilitation as well as forgiveness by [the victim's] family and when juveniles released following mandatory life resentencing in Philadelphia have shown little recidivism?

2. Did the resentencing court abuse its discretion and essentially vitiate [Hamrick's] right to a resentencing hearing because the resentencing court deemed [Hamrick] to be non-credible before [he] even spoke, because the court also belittled the fact that [Hamrick] had no discipline for violence, weapons, or drugs while confined, and because there was clearly ill-will prior to the hearing toward [Hamrick] effectively making the whole sentencing process a forgone conclusion where the court had only read a brief Commonwealth synopsis and used [Hamrick's] forthrightness in [his] statements to a psychological expert against [him]?

3. Did the resentencing court abuse its discretion and improperly insert itself into the adversarial process because the deviation from the recommended sentence of 17 years to life constitutes an unwarranted intrusion into the adversarial process when the

- 2 -

District Attorney for Philadelphia County has a committee that expends significant resources on fashioning appropriate recommendations for the resentencing of minors and when the resentencing court did not justify a stark deviation from the recommendation in any way and did not consider multiple other factors associated with draconian sentencing schemes for children?

Appellant's Brief, at 4-5.

Sentencing is vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. **Commonwealth v. Shugars**, 895 A.2d 1270, 1275 (Pa. Super. 2006). There is no absolute right to appeal the discretionary aspects of a sentence. **Commonwealth v. Hartle**, 894 A.2d 800, 805 (Pa. Super. 2006). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal is considered a petition for allowance of appeal. **See Commonwealth v. W.H.M.**, 932 A.2d 155, 163 (Pa. Super. 2007). As we stated in **Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010):

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Moury**, 992 A.2d at 170 (citation and brackets omitted).

Here, the first three requirements of the four-part test are met. Hamrick filed a timely appeal, raised the issue in his post-sentence motion, and included in his appellate brief the necessary concise statement of the reasons relied upon for allowance of appeal pursuant to Rule 2119(f). **See** Appellant's Brief, at 10-15. We next determine whether he has raised a substantial question requiring us to review the discretionary aspects of the sentence imposed.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."

**Commonwealth v. Griffin**, 65 A.3d 932, 936 (Pa. Super. 2013) (citing **Moury**, **supra** at 170 (internal citations omitted).

Hamrick argues the court ignored his "rotten social background," his potential for rehabilitation, and the "forgiveness by the [victim's] family." Appellant's Brief, at 8, 12. He contends the court did not consider the sentencing factors and based its sentence solely on retribution. **Id.** Hamrick also argues the court abused its discretion by finding him not credible prior to the start of the resentencing hearing and "belittling" the fact that he "had no discipline for violence, weapons, or drugs while confined." **Id.** at 12. Finally, Hamrick argues the court abused its discretion and improperly inserted itself into the adversarial process by deviating from the Commonwealth's

recommended sentence of 17 years to life. *Id.* at 8-9; *see also* N.T. Resentencing Hearing, 8/2/21, at 29.

As this Court has held, a claim that asserts the sentencing court focused solely upon a single sentencing factor raises a substantial question that the sentence is inappropriate under our Sentencing Code. *See, e.g.*, *Commonwealth v. Lawrence*, 960 A.2d 473, 478 (Pa. Super. 2008) (substantial claim raised where appellant claimed "the sentencing court focused solely on the serious nature of the crime"); *see also* *Commonwealth v. Clarke*, 70 A.3d 1281, 1287 (Pa. Super. 2013) (allegation that trial court focused solely on nature of offense presented substantial question).

Thus, while Hamrick's first claim raises a substantial question, we conclude that it lacks merit. We have reviewed the record, in particular the notes of testimony from the resentencing hearing. Simply put, Hamrick's contention is not borne out in the record. The court heard testimony from Hamrick's family and the victim's family, and it listened to Hamrick's allocution, questioning him at length for clarification. The court stated:

> I have to take into account the seriousness of the offense. I have to take into the impact that your crime has had on the victim's family and on the community. I have to take into account your role in the crime. And in this crime there is no other individual, so you are the sole perpetrator of the crime. I have to also look at the sentencing guidelines and statute for this crime. I have to look at your rehabilitative needs. I have to look at what you've done with your life in the intervening years. . . . Also, besides your rehabilitation, I look at your [contrition], your responsibility, and I have already mentioned what you've done with your life.

N.T. Resentencing Hearing, 8/2/21, at 11-2. The court reviewed the sentencing memoranda submitted by Hamrick and the Commonwealth, *id.* at 14, considered Hamrick's troubled family background, *id.* at 16-17, his health and educational background, *id.* at 17-18, his social background, *id.* at 19, and his potential for rehabilitation. The court noted Hamrick's incarceration history, which included over fifty institutional infractions during the twelve years he has already served, some of which occurred as recently as 2018. *Id.* at 21-24. The court further explained:

> Prior to sentencing and as discussed at the hearing, this [c]ourt reviewed [Hamrick's] detailed Mitigation Report,[2] which included a Forensic Interview conducted by Dr. Kirk Heilbrun on November 18, 2019. The Forensic Interview highlighted [Hamrick's] difficult family background, specifically that his mother struggled with substance abuse and that his mother's boyfriend abused him at a young age. The report also indicated that [Hamrick] attempted suicide at a young age and was treated for Attention Deficit Disorder.
>
> In 2013, the Department of Corrections evaluated [Hamrick] and indicated that he has an average risk of re-offending. While incarcerated, [Hamrick] completed a Violence Prevention Course, completed an anger management course on his third attempt, and obtained his General Education Degree. This court also considered [Hamrick's] strong bonds with his family and his family's willingness to support him upon his release.
>
> In his own words, [Hamrick] killed because it was a "neighborhood thing." This [c]ourt interprets this statement to mean that he needed to preserve his reputation as a "tough guy" in the

---

[2] The Mitigation Report functioned as a PSI in this resentencing case. "Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988).

neighborhood. While incarcerated, [Hamrick] committed fifty-two misconducts, again for the sake of his reputation. While this [c]ourt accepts [his] behavior at the time of his crime as one consistent with an immature juvenile, his continued infractions in prison show that he may not have yet grasped the need to conform his behavior to the norms of a law-abiding society.

Trial Court Opinion, 9/27/21, at 8-9 (citations omitted).

Judge McDermott considered the relevant sentencing factors. Contrary to Hamrick's argument, the court considered his background and rehabilitative needs, and balanced "the seriousness of [Hamrick's] offense, the protection of the public, his prison record, the impact on the victim's family, and the current sentencing statute for juveniles with [Hamrick's] mitigation evidence." *Id.* at 8. We reject Hamrick's contention that the court solely focused on retribution. *Lawrence*, *supra*.

Under our standard of review, an abuse of discretion may not be found unless the sentencing court's decision is "clearly erroneous." *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (citation omitted). "The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is 'in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.'" *Id.* (citation omitted). We find no abuse of discretion here.

Hamrick's final two claims do not raise a substantial question. Hamrick's Rule 2119(f) statement asserts that the court deemed him "non-credible before he even spoke," and that there "was clearly ill- will prior to the hearing

toward [Hamrick] effectively making the whole sentencing process a forgone conclusion[.]" Appellant's Brief, at 12. Hamrick's Rule 2119(f) statement makes no reference to any exchange in the record indicating support for these conclusions. These bald allegations do not present a substantial question that the sentence was inappropriate under the Sentencing Code. *See* 42 Pa.C.S.A. § 9781(b). *See also Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa. Super. 2018) (bald assertion does not raise substantial question).

With regard to Hamrick's claim that the court abused its discretion by disregarding the Commonwealth's recommended sentence of 17 years to life imprisonment, we discern no substantial question.[3] *See Commonwealth v. McClendon*, 589 A.2d 706, 710 (Pa. Super. 1991) (sentencing court is not bound by sentencing recommendations). *See also Commonwealth v. Naranjo*, 53 A.3d 66, 72 (Pa. Super. 2012) (substantial question exists where appellant "sets forth a plausible argument that the sentence violated a provision of the [S]entencing [C]ode or is contrary to the fundamental norms

---

[3] In its brief, the Commonwealth points out that its sentencing recommendation of 17 years to life imprisonment was based, in part, on the facts as presented at trial– that the victim was one of the men who robbed Hamrick at gunpoint the night before the murder and threatened to kill him if he told anyone about the robbery. N.T. Resentencing Hearing, *supra* at 29-30. "While that alleged fact in no way justified Hamrick's actions, it arguably was a circumstance that mitigated the juvenile defendant's action compared to, say, a murder in which a totally innocent victim was killed." Commonwealth's Brief, at 14. At the resentencing hearing, however, Hamrick admitted that he did not even know whether the victim was one of the men who robbed him, and explained the killing as a "neighborhood thing," and that he shot the victim because he was the first person he saw when he came outside that day. N.T. Resentencing Hearing, *supra* at 69, 72.

of the sentencing process.") (citations and quotations omitted); ***Commonwealth v. Mastromarino***, 2 A.3d 581, 585-86 (Pa. Super. 2010) ("At a minimum, [a Rule 2119(f) statement,] must articulate what particular provision of the [C]ode is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2022