J-S02036-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AHKEEM HARRIS | : | |
| | : | |
| Appellant | : | No. 3010 EDA 2024 |

Appeal from the Judgment of Sentence Entered October 4, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002940-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AHKEEM HARRIS | : | |
| | : | |
| Appellant | : | No. 3011 EDA 2024 |

Appeal from the Judgment of Sentence Entered October 4, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002941-2020

BEFORE:  NICHOLS, J., MURRAY, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                 **FILED MARCH 12, 2026**

In these consolidated appeals, Appellant, Ahkeem Harris, appeals *nunc pro tunc* from the aggregate judgment of sentence of 8 to 16 years of incarceration that was imposed after a jury found Appellant guilty of firearms not to be carried without a license,[1] carrying a firearm in public in

_____

[1] 18 Pa.C.S. § 6106(a)(1).

Philadelphia,[2] and recklessly endangering another person (REAP)[3] at trial court docket CP-51-CR-0002940-2020, and guilty of an additional count of REAP at docket CP-51-CR-0002941-2020. On appeal, Appellant argues that the trial court abused its discretion by sentencing him outside the sentencing guidelines and relied on impermissible factors in fashioning its sentence. After review, we affirm.

The trial court summarized the facts of this matter as follows:

> On February 10, 2020, Detective [Robert] Conway and [Jeffrey] Oplaski from Southwest Detective Division observed Appellant exchange unknown items with an unknown female and grab at his front waistband. They drove next to the unnamed female to ascertain if she was okay, and she walked away from them. At that point, detectives made a U-Turn and followed Appellant who was still holding his front waistband and began to actively hide from the detectives. At this time, Detective Conway identified himself as law enforcement, and Appellant began to flee. Shortly after, Appellant was on the porch of 316 N 62nd St., and [he] shot at the officers three times and soon after barricaded himself in that property.
>
> Appellant later fled from that home and discarded his firearm. Appellant was subsequently arrested. Appellant provided a statement stating he did possess the firearm, and [he] did shoot at the detectives but was unaware that they were law enforcement. Appellant also took police back to scene to show them where he had tossed the firearm.

Trial Court Opinion (TCO), 4/29/25, at 2.

---

[2] 18 Pa.C.S. § 6108.

[3] 18 Pa.C.S. § 2705.

Following a jury trial, Appellant was found guilty of the aforementioned crimes.[4]  On October 4, 2022, the trial court sentenced Appellant to the statutory maximum sentence on each count: 3½ to 7 years' incarceration for firearms not to be carried without a license; 2½ to 5 years' incarceration for carrying firearms in public in Philadelphia; and 1 to 2 years' incarceration for both REAP convictions.  N.T., 10/4/ 22, at 33-34.  The trial court ordered the sentences to be served consecutively resulting in an aggregate sentence of 8 to 16 years' incarceration.  *Id.* at 34.

Appellant did not file post-sentence motions or a direct appeal.  On December 27, 2022, Appellant filed a timely petition pursuant to the Post-Conviction Relief Act[5] (PCRA) seeking to file post-sentence motions and requesting reinstatement of his right to file a direct appeal *nunc pro tunc*.  The PCRA court granted Appellant's PCRA petition, and after Appellant's post-sentence motions seeking reconsideration of his sentence were denied, this

---

[4] The jury acquitted Appellant of aggravated assault (18 Pa.C.S. § 2702(a)(1)), attempted murder (18 Pa.C.S. § 901(a)), possessing an instrument of crime (PIC) (18 Pa.C.S. § 907(a)), and simple assault (18 Pa.C.S. § 2701(a)) at docket CP-51-CR-0002940-2020.  The jury also acquitted Appellant of attempted murder (18 Pa.C.S. § 901(a)), aggravated assault (18 Pa.C.S. §2702(a)(1)), and PIC (18 Pa.C.S. § 907(a)) at CP-51-CR-0002941-2020.  N.T., Trial, 7/15/22, at 46-49.

[5] 42 Pa.C.S. §§ 9541-9546.

timely *nunc pro tunc* appeal followed.[6]  Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues:

Did the trial court err when it sentenced outside of the sentencing guidelines, when it relied upon facts not in evidence, and contrary to the jury's verdict, in determining the sentence?

Appellant's Brief at 4.

Appellant's challenge implicates the discretionary aspects of his sentence.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa. Super. 2000).  An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[ ] § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006)....  Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003)....

_____

[6] Appellant properly filed a separate appeal at each trial court docket.  As noted above, the appeals were consolidated, and we refer to this appeal in the singular.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912–13.

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, the record reflects that Appellant preserved his issue by raising it in his post-sentence motion, filing a timely notice of appeal and a court-ordered Rule 1925(b) statement, and including a Rule 2119(f) statement in his brief. Additionally, we conclude that Appellant's issue presents a substantial question for our review. ***See Commonwealth v. Lawrence***, 960 A.2d 473, 478 (Pa. Super. 2008) (stating that a claim that the sentencing court imposed an unreasonable sentence by sentencing outside the guidelines presents a substantial question); ***Commonwealth v. P.L.S.***, 894 A.2d 120, 127 (Pa. Super. 2006) (providing that a claim that the trial court considered impermissible sentencing factors and failed to provide adequate reasons for imposing a sentence outside the sentencing guidelines raised a substantial question).

Our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its

judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:

> The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> > (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
> >
> > (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
> >
> > (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation [(PSI)].
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

***Commonwealth v. Raven***, 97 A.3d 1244, 1253-54 (Pa. Super. 2015) (citation omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public,

[the] gravity of [the] offense in relation to [the] impact on [the] victim and [the] community, and [the] rehabilitative needs of the defendant[.]" ***Commonwealth v. Fullin***, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Commonwealth v. Schutzues***, 54 A.3d 86, 99 (Pa. Super. 2012) (citations omitted); 42 Pa.C.S. § 9725.

Additionally, the trial court "must consider the sentencing guidelines." ***Fullin***, 892 A.2d at 848 (citation omitted). However:

> [a]lthough a trial court is required to consider the sentencing guidelines when imposing sentence,
>
>> the sentencing guidelines are purely advisory in nature – they are not mandatory. **A court may therefore use its discretion and sentence defendants outside the guidelines, as long as the sentence does not exceed the maximum sentence allowed by statute**. When a court deviates from the sentencing guidelines, it must state the reasons for doing so on the record. This Court may vacate a sentence if it finds the "sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S. § 9781(c)(3).
>
> ***Commonwealth v. Velez***, 273 A.3d 6, 10 (Pa. Super. 2022) (some citations omitted). ***See*** … ***Moury***, 992 A.2d [at] 171 … ("Although Pennsylvania's system stands for individualized sentencing, the court is not required to impose the 'minimum possible' confinement").

***Commonwealth v. Agugliaro***, 342 A.3d 105, 116 (Pa. Super. 2025) (emphasis added and some formatting altered). The balancing of the

sentencing factors is the "sole province" of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand. ***Commonwealth v. Kurtz***, 294 A.3d 509, 536 (Pa. Super. 2023). In conducting appellate review, this Court "cannot reweigh sentencing factors and impose judgment in place of sentencing court where lower court was fully aware of all mitigating factors[.]" ***Id.*** (citation omitted). Furthermore, "where the trial court is informed by a PSI [report], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Edwards***, 194 A.3d 625, 638 (Pa. Super. 2018) (citation omitted and formatting altered).

Here, Appellant contends that because the jury acquitted him on the charges of attempted murder and aggravated assault on both dockets, the jury must have believed Appellant's defense theory that he was not aware that the people pursuing him were law enforcement. Appellant's Brief at 9. Further, Appellant contends that the trial court abused its discretion by concluding that Appellant was a "drug dealer" based on one prior arrest, and that the trial court's use of the words "wanton disregard for human life" was an abuse of discretion because that phrase is used to describe the level of malice necessary to support a conviction for third-degree murder or aggravated assault, and although Appellant was charged with attempted murder and aggravated assault, the jury found him not guilty of those charges. ***Id.*** at 10. Appellant concludes that "[i]t is clear from the totality of

the sentencing hearing that the trial court did not agree with the jury's findings, and that it imposed a maximum, non-guidelines sentence because it believed that Appella[nt] was guilty of the crimes of which he was acquitted." *Id.* at 12.

In its Rule 1925(a) opinion, the trial court first recounted what it stated on the record at Appellant's sentencing:

> I've considered the arguments of both counsel, both the Commonwealth's and the defense's sentencing memorandum. I've also considered the particular circumstances of the offense, as well as the presentence report, the sentencing guidelines form, the mental health evaluation report, and [Appellant's] allocution. I've also considered the defendant's record as a whole.
>
> This court makes the following factual findings and conclusions that are amply supported by the evidence, as well as the jury's verdict, that in committing a criminal act with gun, satisfying the requirements for 6106 and 6108 VUFA, [Appellant] exhibited a wanton disregard for human life. But he did so in a way that endangered not only his intended targets, but the community at large, firing three .45-caliber rounds across the street in a residential area.
>
> This court specifically finds that [Appellant] poses a grave threat to society. This court finds that an aggravated sentence is necessary to protect society from [Appellant's] reckless, deadly acts of violence.
>
> This court also finds that [Appellant's] rehabilitation, if he is ever willing, would require substantial confinement, in any event.
>
> Put differently, this court finds that [Appellant] is not amenable to supervision at this time. So he is not eligible,

> in my view, for a sentence of credit for time-served followed by probation.[7]
>
> This court also finds that [Appellant's] unreadiness for supervision is corroborated by the findings cited in the presentence report regarding his refusal to accept responsibility and his constant lying about his conduct.
>
> The sentence will be as follows — oh, one more finding. This court finds that the sentencing guidelines in this case fall far short of reflecting [Appellant's] criminal history as well as the danger he poses to society.

TCO at 3 (quoting N.T., Sentencing, 10/4/22, at 31-33).  In addressing Appellant's challenge to the discretionary aspects of his sentence, the trial court opinion stated:

> Here, Appellant's assertion that the court erred in imposing the maximum sentences, in excess of the Sentencing Guidelines, and without giving sufficient weight to Appellant's lack of prior convictions for crimes of violence, is without merit.  As is clear from the court's statements and findings in imposing sentence, the court carefully considered all relevant factors, finding, *inter*[] *alia*[], that the Guidelines failed to reflect Appellant's criminal history, and that the circumstances of the crimes for which Appellant was convicted demonstrated his danger to the community.  The sentence was properly imposed and warranted.

*Id.* at 6 (some formatting altered).  The trial court continued:

> Appellant apparently believes that the jury's verdict of not guilty on the attempt murder and aggravated assault charges somehow supports a finding that he did not know he was shooting at the Detectives, from whom he actively concealed his gun, who identified themselves, and from whom he then fled to a house, where he shot at the officers three times and then barricaded himself in that property.  The contention is belied by the record, and the acquittals are unrelated to that issue, in any event.

---

[7] At sentencing, Appellant's counsel requested a sentence of time served followed by probation only.  N.T., 10/4/22, at 13.

> Whether they were police officers was not an element of the crimes for which Appellant was acquitted. Accordingly, there was no determination by the jury that Appellant did not know the persons he was shooting at were police officers. It was therefore appropriate for the court, having heard the testimony, to reach the conclusion, for the purposes of sentencing, that Appellant knew he was shooting at police officers, thereby recklessly endangering them and the residents of the neighborhood at large.

*Id.* at 6-7.

Although the trial court sentenced Appellant outside of the sentencing guidelines on each count, we cannot conclude that Appellant's sentence is unreasonable. *Raven*, 97 A.3d at 1253. The record reflects that the trial court considered Appellant's PSI report at sentencing. N.T., 10/4/22, at 32. Accordingly, we presume the trial court was aware of all appropriate sentencing factors and considered them when imposing Appellant's sentence. *Edwards*, 194 A.3d at 638; *Kurtz*, 294 A.3d at 536. This Court will not re-weigh the trial court's considerations of sentencing factors on appeal. *Kurtz*, 294 A.3d at 536; *see also Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009) (explaining that the appellate court cannot reweigh sentencing factors and impose its judgment in place of sentencing court where the lower court was fully aware of relevant sentencing factors). In fashioning Appellant's sentence, the trial court considered the nature and circumstances of Appellant's crimes. *Schutzues*, 54 A.3d at 99; 42 Pa.C.S. § 9725. Additionally, the trial court must consider the factors set out in 42 Pa.C.S. § 9721(b), including the protection of the public, the gravity of the offenses in relation to the impact on the victim and the community, and the

rehabilitative needs of the defendant. *Fullin*, 892 A.2d at 847. The trial court stated its consideration of the facts and circumstances of the crimes, the PSI report, the mental health report, the danger Appellant's actions posed, and Appellant's failure to take responsibility for his actions, and the trial court concluded that this matter called for a sentence outside the sentencing guidelines. N.T., Sentencing, 10/4/22, at 32-33.

To the extent that Appellant argues that the trial court imposed a sentence outside the sentencing guidelines because the trial court concluded that Appellant was dealing drugs, we note that trial court only briefly refers to drugs when addressing the Commonwealth's argument that Appellant was aware that the men he shot at were law enforcement. N.T., Sentencing, 10/4/22 at 19–20. Nowhere does the trial court mention drug sales in its rationale for the sentence imposed. Additionally, addressing Appellant's complaint that the trial court made inappropriate comments about his "wanton" behavior," as noted above, Appellant requested a sentence of time-served followed by probation, with no additional period of incarceration. N.T., Sentencing, 10/4/22, at 13. Although the trial court used the words "wanton disregard for human life," the reference was made only with respect to the level of danger Appellant posed to the victims and the community because Appellant discharged his .45 caliber pistol three times across a street in a residential area. TCO at 3; N.T., Sentencing, 10/4/22, at 32.

In sum, although the trial court imposed the statutory maximum on each crime, it explained its rationale and why a sentence within the sentencing

guidelines was inappropriate under the circumstances presented here. N.T., Sentencing, 10/4/22, at 32-33; *Agugliaro*, 342 A.3d at 116 (stating that the trial court is permitted to utilize its discretion and sentence a defendant outside the sentencing guidelines, as long as the trial court provides its reasons and the sentence does not exceed the statutory maximum sentence). As noted above, the trial court considered the factors set forth in 42 Pa.C.S. § 9781(d), including the nature and circumstances of the crimes, Appellant's history, the PSI, and the sentencing guidelines, and we discern no basis upon which to conclude that Appellant's sentence was clearly unreasonable. *Raven*, 97 A.3d at 1253-54. After review, we discern no abuse of discretion. *Id.* at 1253. Accordingly, we affirm the judgments of sentence at both CP-51-CR-0002940-2020 and CP-51-CR-0002941-2020.

Judgments of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/12/2026

- 13 -